108  117|
109  647|

## DAVIS v. COMER & COMPANY.

1. A sheriff's sale of land under a dormant fi. fa. is absolutely void; and the fact that the defendant in fi. fa. has notice of the time and place of sale will not estop him from afterwards attacking such sale when an effort is made to dispossess him by one who asserts title to the land under the sheriff's deed.
2. There being evidence tending to establish the fact that the fi. fa. under which the land was sold was dormant at the time of the sale, and there being no evidence that the defendant was guilty of any conduct which would estop him from asserting his right to the property after the sale, the court erred in holding that he was estopped from asserting title to the land, merely because he failed to take steps to arrest the sale made under the dormant execution.

Submitted May 17, — Decided July 20, 1899.

Levy and claim. Before Judge Smith. Montgomery superior court. November term, 1898.

*J. B. Geiger*, for plaintiff in error.
*Wooten & Wooten*, contra.

LEWIS, J. It appears from the record, that McMillan & Co. obtained a judgment in a justice's court against Thomas A. Davis, and that the fi. fa. probably issued thereon in 1875. This fi. fa. was levied on the property in dispute, as the property of the defendant, Thomas A. Davis, in 1891, and it seems that the property was bid in by McMillan and a deed made by the sheriff to him on the first day of December, 1891. John A. McMillan executed a mortgage to Comer & Co., the defendants in error in this case, upon divers tracts of land, including this land which had been sold at sheriff's sale under the execution against Davis. The mortgage was foreclosed, and the fi. fa. was levied upon the property described in the mortgage, including the premises in dispute. To this levy Thomas A. Davis and T. G. Gillis filed a claim. A verdict was rendered finding the property subject, and Davis assigns

error in his bill of exceptions upon the judgment of the court overruling the motion for a new trial. The claimants contended that the defendant in the mortgage fi. fa. had no title to this land, for the reason that the sheriff's sale under the fi. fa. from the justice's court was void, the fi. fa. being then dormant. On the trial it appeared that the original fi. fa. had been lost, and parol evidence was admitted to show its contents and to prove the entries that had been made thereon by the sheriff or constable. The evidence in behalf of the plaintiffs below tended to establish their contention that the fi. fa. was kept in date by virtue of entries of nulla bona thereon by the proper officer. The weight of evidence, however, was in favor of the contention of the claimants that the fi. fa. was dormant at the time of the levy. It does not appear that the defendant in fi. fa., Davis, was present at this sale under the fi. fa. from the justice's court, but it seems that he relied upon some one else to represent his interests and file a claim, which was neglected. There was some evidence that after the sale the sheriff formally put him out of possession; but the evidence is uncontradicted that he did not remain out fifteen minutes, but continued in possession until after the time of this levy of the mortgage fi. fa.

1. Among the errors alleged in the motion for a new trial was the ruling of the court·that the evidence adduced on the trial made no question of fact for the jury to pass upon, but only a question of law; and "because the court erred in holding, after the evidence was all in and the case closed, that since the claimant Davis interposed no defense to the levy of the justice court fi. fa., which was levied upon the land in controversy on the first day of December, 1891, said fi. fa. being in favor of J. A. McMillan & Co. and against T. A. Davis, and from which levy and sale made in pursuance thereof by the sheriff the title of the defendant in fi. fa. in the case now pending originated, the said Davis was estopped from now setting up a claim to the said property." The court accordingly directed the jury to render a verdict in favor of the plaintiffs in fi. fa., to which exception is likewise taken in the motion. As before seen, the issue as to whether the fi. fa. was actually dormant

at the time of the levy was one of fact. Upon it there was a conflict of testimony, with ample evidence to sustain the claimants' contention that it was dormant. A sale by a sheriff under a dormant fi. fa. is absolutely void, just as much so as if there had been no judgment whatever against the defendant, and no process in existence authorizing the sheriff to seize and sell any of his property. As decided by this court in the case of *Welch* v. *Butler*, 24 *Ga.* 451–2, "The statute declares a dormant judgment to be void and of no effect. It, therefore, requiring no act of the party to avoid it, falls not within the class of voidable judgments. All acts done bona fide under a *voidable* judgment are good until it is set aside. But no act is good under a *void* judgment, and even a bona fide purchaser can acquire no title under it." If the justice's court judgment, therefore, was dormant when this property was levied upon by the sheriff, his sale under such a process was absolutely void as a judicial sale. We can not understand, under the facts disclosed by this record, how the judge reached the conclusion that the defendant in fi. fa. was estopped from afterwards making this attack upon the sale. There is nothing in the record to show any conduct by the defendant in fi. fa. upon which the purchaser at the sale or any other person acted to his injury. The defendant was not even present. He was at the time in possession of the property, and he did not abandon this possession, even after the sale. He had not said or done anything which could be construed as an acquiescence in the sale. With the same show of reason it might be contended that a party who knows of a pending suit against him will be bound by a judgment rendered therein, though he has never been served with process and has never acknowledged service or appeared and pleaded to the merits of the action. Without such service he can of course treat the suit as a mere nullity; and while he may by proper pleading prevent the rendition of a judgment against him, for want of service, yet if he chooses not to adopt this remedy, he will lose none of his rights thereby. The same principle is applicable to the case at bar. While the defendant in fi. fa. might have prevented the sale by a proper plea,

yet he lost none of his rights by his silence, and could not, simply on account of a failure to act before the sale, be estopped from attacking such sale as absolutely void whenever its validity was insisted upon as a reason for interfering with his right to the possession of the property. *McLennan* v. *Graham,* 106 *Ga.* 211. There was manifest error, therefore, in excluding from the jury the controlling issue of fact with reference to the dormancy of the justice's court judgment in question. The entry of levy upon this property, made upon the mortgage fi. fa., failing to show that the land in dispute was in the possession of the defendant in that mortgage fi. fa., the burden of proof was upon the plaintiffs. If they had failed to show any title in the defendant, then their case must necessarily have failed, whether the claimants showed any title or not. The plaintiffs sought to show this title by a purchase at sheriff's sale, made by the defendant in the mortgage fi. fa., against whom the plaintiffs in this case were proceeding. If the claimants had succeeded in showing that the sheriff's sale was void, then, under the facts in this case, there would have been no necessity for them to go further and show title in themselves. Even, therefore, if there is anything in the point, made in the argument by counsel for defendants in error, that when two joint claimants file a claim to land they can not recover by simply showing title in one and not in both, it has no relevancy to the facts in this case; for that is a question which could not arise until the case reached a point where the claimants were called upon to show their title to the property or an interest therein paramount to that of the defendant in fi. fa. The single question to try in this case is whether or not the judgment upon which the justice's court fi. fa. issued was dormant at the time of the levy upon the property in dispute. If dormant, the burden of proof being upon the plaintiffs in fi. fa. to show title in the defendant, a verdict finding the property not subject is demanded.

*Judgment reversed.    All the Justices concurring.*