### 14713, 14735.   CARROLL *v.* MULLER *et al.*

BELL, J. 1. If there has been no service of a suit nor a waiver thereof, the necessity of service is not dispensed with by the mere fact that the defendant may in some way learn of the filing of the suit. *Davis* v. *Comer,* 108 *Ga.* 117, 119 (33 S. E. 852, 75 Am. St. Rep. 33). On the other hand, if there has been a legal substituted service, as by leaving the process at the defendant's residence, it will be immaterial whether the defendant ever had actual knowledge thereof. *Cooper* v. *Fourth National Bank,* 26 *Ga. App.* 44, 47 (105 S. E. 375), and cases cited. But no case can proceed without service upon the defendant in one of the modes prescribed by law, unless service is waived.

2. The service of a suit in the superior courts must be by the sheriff or his deputy, and, as to a defendant not a corporation, must be personal or by leaving a copy at the defendant's residence. Civil Code (1910), § 5563.

3. In this case an entry of service was made by the deputy sheriff of Fulton county, reciting that he had served the defendant "by leaving a copy

14

of the within writ and process at his most notorious place of abode in this county." The entry was traversed, and upon a trial before the court, acting both as judge and jury, a judgment having been rendered sustaining the traverse and dismissing the suit for want of service, the plaintiff excepted. The deputy sheriff who made the entry, sworn as a witness for the defendant, testified as follows: "Having found nobody there [at the defendant's residence], I went across the street, where I learnt his [defendant's] father-in-law or mother-in-law lived, and saw a lady and asked her to come across there and receive the service, and she did. She told me she was his sister-in-law, and she came across the street to this place, and I handed her the copy, and I left the copy with her, and *she took the copy and we left the place together* (italics ours). She was not standing in the street or out in the yard; she come on the steps. I didn't go in the house, but I handed her this paper when she came across the street. This lady and I left there together. . . She came over on the piazza. I left the papers with her. . . She took them; then I made this return." There was no other testimony upon the manner of the service. *Held:* Assuming (without deciding) that the entry was sufficient in form to meet the requirements of the section of the code mentioned above as to substitute service, the evidence conclusively shows that there was no service by "leaving a copy at defendant's residence." Where the sheriff or his deputy to whom has been delivered a petition and process for service goes to the defendant's residence, and, finding no one at home, calls thereto from some other place a person who does not abide there either permanently or temporarily, to whom he delivers the process, but who immediately brings the process away in- company with the sheriff, there is a failure to make service. The process in this case, instead of being *left* by the sheriff *at* the defendant's residence, *left* the residence with him, or at least at the same time. It came away as he did. The court did not err upon the evidence in sustaining the traverse.

*Judgment affirmed on main bill of exceptions; cross-bill dismissed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED NOVEMBER 23, 1923.

Action for damages; from Fulton superior court—Judge Ellis. April 27, 1923.

*J. Caleb Clarke, Westmoreland & Smith,* for plaintiff.

*Reuben R. & Lowry Arnold, Colquitt & Conyers, Hendrix & Buchanan,* for defendants.