34368. PAYNE *v.* MOORE FINANCE COMPANY INC.

DECIDED FEBRUARY 14, 1953.

R. C. Scott, F. Jack Adams, for plaintiff in error.
Robert H. Harris, contra.

FELTON, J. The only question in this case is whether a judgment against a defendant is void where he was personally served with a copy of petition and process, and the serving officer failed to show the date of service on such copy and sign it, and where the defendant did nothing to waive the omission. We think that the requirement of the resolution passed by the General Assembly (Ga. L. 1946, pp. 761, 769; Code, Ann. Supp., § 81-202),

that "Each copy served on a defendant shall show a date of service signed by the officer serving," is mandatory and jurisdictional in the absence of waiver of jurisdiction of the person. The resolution of 1946 made a drastic change in the time when a defendant was required to file his pleadings. Formerly defensive pleading had to be filed at the return term of the court in which the petition was filed. Such time was fixed as a matter of law and was in effect a part of the petition, process, and copies served. The resolution requires the defendant to answer the suit within thirty days after the service of the petition and process. We think that it was the intention of the Supreme Court and General Assembly to require that the copy served on the defendant, as well as the return on the original petition, should show as a matter of information to the defendant the exact date of service, so that he can know exactly when his answer has to be filed, without having to trust his memory in case of personal service, or resort to investigation in case of either kind of service permitted. There are many plausible arguments on both sides of the question. The strongest one against the conclusion we have reached is that a defendant should be required to show harm before he could take advantage of such an omission, whether service was personal or was by leaving a copy at the defendant's residence. There are numerous cases which hold that the service must be as the law provides, even if the defendant has knowledge of the suit. *Carroll* v. *Muller*, 31 *Ga. App.* 209 (1) (120 S. E. 548); *Piggly-Wiggly Ga. Co.* v. *May Investing Corp.*, 189 *Ga.* 477, 479 (6 S. E. 2d, 579, 126 A. L. R. 1465). We think that the same principle applies here. The signing and dating of the copy is a part of the service required, and the omission of the dating and signing is fatal in the absence of waiver. The fact that a defendant could go to the clerk's office and ascertain the date of service in case he had forgotten the date is no answer. A far-fetched illustration may be enlightening. Suppose the copy of the petition served on the defendant were written with disappearing ink or typed with a defective or inferior ribbon and disappeared or so faded by the time the defendant received it or shortly thereafter that he could not read it. Would the service be good? Would the defendant have to go to the courthouse and get an-

other copy to be sure he was sued on a valid claim? The questions answer themselves. The change in the law, and the specific requirements laid down in language considered as mandatory unless the context very strongly indicates otherwise (*Garrison v. Perkins*, 137 *Ga.* 744-755, 74 S. E. 541), constrain us to hold that the omission voided the verdict and judgment rendered in this case, no waiver appearing. There was no substantial compliance with the service requirements involved, and Code § 102-102 does not apply.

The court erred in overruling the motion to set aside the judgment as being void under the facts.

*Judgment reversed. Sutton, C.J., Gardner, P.J., and Townsend, Worrill and Carlisle, JJ., concur.*