39931. CABE v. EDWARDS.

Decided April 2, 1963.

*Kelly, Champion & Henson, Kenneth M. Henson,* for plaintiff in error.

*Hatcher, Stubbs, Land & Rothschild, A. J. Land,* contra.

Jordan, Judge. The only issue here presented is whether the First Division Road on the U. S. military reservation at Ft. Benning, Georgia, comes within the purview of a public highway as used in the Nonresident Motorists Act, Ga. L. 1937, p. 732,

as amended. Since this question has not previously confronted the appellate courts of this State, the answer must be found in a construction of the statute.

The pertinent part of this act reads as follows: "That the acceptance by any nonresident of this State, whether a person, firm, or corporation, of the rights and privileges conferred by the laws now or hereafter in force in this State, permitting the operation of motor vehicles as evidenced by the operation of a motor vehicle by any such nonresident on the public highways, streets of any incorporated or unincorporated municipality or public roads of this State, shall be deemed equivalent to the appointment by such nonresident user of said highways, streets or public roads of the Secretary of the State of Georgia, or his successor in office, to be his true and lawful attorney in fact upon whom may be served all summons or other lawful processes in any action or proceeding against any such user, growing out of any accident or collision in which any such nonresident user may be involved by reason of the operation by him, for him, or under his control or direction, express or implied, of a motor vehicle on any such highways, streets, or public roads in said State, and said acceptance or operation shall be a signification of his agreement that any such process against him shall be of the same legal force and validity as if served upon him personally."

The preamble of the act and subsequent amendments to the act use the language "upon the highways *of* this State," and since the act must be strictly construed by this court, *Mull v. Taylor,* 68 Ga. App. 663 (23 SE2d 595); *Stone v. Sinkfield,* 70 Ga. App. 787 (29 SE2d 310); *Cheek v. Norton,* 106 Ga. App. 280 (126 SE2d 816), we cannot agree with the plaintiff in error that the act applies to all roads and highways "*in* the State." (Emphasis supplied). Such construction would enlarge upon the apparent legislative intent.

While the petition alleges that the First Division Road is a public road within the State, freely used by the general public, without gate or guard from the highways of this State onto such road, such allegations fail to make it a public highway *of* this State. In the absence of contrary allegations, we must conclude that such road was not built with State funds nor maintained by

the State; that it is not open to the general public as a matter of right; and that the use of such road by the public is permissive and could be revoked by the United States Army at anytime without notice. See *Barker v. Life &c. Ins. Co.*, 78 Ga. App. 252 (50 SE2d 375).

Some states having a statute similar to ours have amended and broadened the language so as to apply the statute to causes of action arising out of an accident occurring "within the State" or "at any other place." Similar action on the part of our legislature would be necessary to extend the applicability of this act to such a roadway as here involved or to other accidents not occurring "on the public highways, streets of any incorporated or unincorporated town or municipality, or public roads of this State."

"As regards motor vehicle accidents occurring on military reservations, the question as to the nonresident motorist's amenability to substituted service of process, under a state statute providing for such service, depends on whether the statute is limited to accidents arising out of the nonresident's operation of a motor vehicle 'on a public highway,' or by its terms applies to accidents arising from the nonresident's operation of his vehicle 'within the state.' " 73 ALR 2d 1361.

The language of our statute limits its applicability to accidents arising out of the operation of motor vehicles on the public highways, streets, and roads of this State and is not broad enough to encompass the contentions of the plaintiff in error.

*Judgment affirmed. Nichols, P. J., and Frankum, J., concur.*