22365.  ROBERTS v. ROBERTS.

SUBMITTED FEBRUARY 10, 1964—DECIDED MARCH 5, 1964.

*Henry J. Heffernan*, for plaintiff in error.
*W. T. Mobley*, contra.

GRICE, Justice. The overruling of a nonresident's general demurrer to a contempt citation is for review here.

The citation originated when Virginia M. Roberts filed in the Superior Court of Richmond County a petition against Arnold E. Roberts which alleged substantially as follows: that such court on a named date ordered the defendant to pay to the peti-

tioner specified monthly payments of alimony; that he has failed and refused to comply with that order; and that he resides at a stated address in Tulsa, Oklahoma. The prayers were, (a) that he be held in contempt of court, (b) that a rule nisi issue requiring him to show cause why he should not be held in contempt of court, and (c) that "an Order issue ordering that [he] be served by registered mail, return receipt requested."

A rule nisi was issued. It ordered that the defendant show cause on a named date why the petitioner's prayers should not be granted, and that he be served with a copy of the petition and order "by mailing same to him at his address, 1505½ East Nineteenth Street, Tulsa, Oklahoma, by registered mail, return receipt requested." Immediately following is an entry that petitioner's attorney "said he has mailed copy to [the defendant]."

The defendant filed a plea to the jurisdiction and a general demurrer, the latter asserting that it appears upon the face of the petition that he is a resident of Tulsa, Oklahoma, and that the petitioner is not entitled to the relief prayed for.

Thereupon, the trial court, in separate orders, overruled the demurrer and plea and adjudged the defendant in contempt. Error is assigned upon each of those rulings.

1. It is well established that "The courts of this State have no extra-territorial jurisdiction, and can not make the citizens of foreign States amenable to their process, or conclude them by a judgment in personam, without their consent." Nisbet, J., in *Dearing v. The Bank of Charleston*, 5 Ga. 497 (48 AD 300).

The petition shows that the defendant resides beyond the territorial limits of this State. No waiver, consent to submit to jurisdiction, or presence of the defendant in this State appears from its allegations. Therefore, the mere forwarding to him by registered mail of a copy of the petition and order did not subject him to the jurisdiction of the court. See in this connection *John Hancock Mut. Life Ins. Co. v. Baskin*, 179 Ga. 86 (2) (175 SE 251); *Briggs v. Briggs*, 207 Ga. 614 (63 SE2d 371). None of the Codal provisions relative to service by publication, relied upon by the petitioner, are applicable to the instant proceeding. Nor does the fact that the court rendering the alimony decree retains jurisdiction to enforce the same by attachment

for contempt do away with the necessity for service, or make a nonresident of the State amenable to the service attempted here.

It was error to overrule the defendant's demurrer raising this defect.

2. This ruling renders nugatory all subsequent proceedings, and this court will not consider the other assignments of error. *Williams v. Mann,* 188 Ga. 212 (3) (3 SE2d 557).

*Judgment reversed. All the Justices concur.*