43239. O'STEEN v. BOONE.

HALL, Judge. The plaintiff sued the defendant, a nonresident of Georgia, for damages allegedly resulting from the negligence of the defendant in operating a trailer. The allegations

state that the nonresident defendant drove a motor vehicle with a trailer hitched to it and backed from a public street up a private driveway and unhitched the trailer; that the motor vehicle was driven further down the driveway, the trailer wheels were blocked and a cinder block was placed under the metal tongue of the trailer; that the trailer was loaded; that the defendant requested the plaintiff to assist him in moving and hitching the trailer to the motor vehicle; that the defendant jacked up the metal tongue, removed the cinder block and then negligently kicked out the other blocks under the wheels causing the trailer to move forward so that the metal tongue came down and crushed, cut and mangled plaintiff's foot. The defendant was served under the Nonresident Motorists Act (Ga. L. 1937, pp. 732, 733, as amended; *Code Ann.* § 68-801). The defendant demurred on the ground that the petition showed on its face that the court had no jurisdiction over the defendant. Since the hearing took place after September 1, 1967, the trial court considered the demurrer as a motion to dismiss under the Georgia Civil Practice Act (Ga. L. 1966, p. 609, as amended, Ga. L. 1967, p. 8). The defendant appeals from the judgment overruling his motion to dismiss.

1. Lack of jurisdiction over the person can be raised by a motion to dismiss. *Code Ann.* § 81A-112 (b).

2. The plaintiff contends that a trailer, standing unhitched and some distance from an automobile is a "motor vehicle" within the meaning of the Nonresident Motorists Act. *Code Ann.* § 68-801. We disagree. The Act relates to "The operation . . . of a motor vehicle." It is elementary that this Act must be strictly construed. *Cabe v. Edwards*, 107 Ga. App. 551 (130 SE2d 803). In the Uniform Act Regulating Traffic on Highways (Ga. L. 1953, Nov. Sess., pp. 556, 557; *Code Ann.* § 68-1502), "motor vehicles" are "self-propelled" whereas "trailers" are vehicles "with or without motive power, other than a pole trailer, designed for carrying persons or property and for being drawn by a motor vehicle and so constructed that no part of its weight rests upon the towing vehicle." See also *Code Ann.* § 68-101. The term "motor vehicle" as used in the Georgia Nonresident Motorists Act does not include a trailer without motive power not hitched to or being drawn by a motor vehicle. 8 AmJur2d 418, § 862; 48 ALR2d 1284-1285.

The trial court erred in overruling defendant's motion to dismiss. *Judgment reversed.* *Bell, P. J., and Quillian, J., concur.*

ARGUED JANUARY 4, 1968—DECIDED FEBRUARY 2, 1968.

*Long, Weinberg & Ansley, Sidney F. Wheeler, John K. Dunlap,* for appellant.