47523.   AMERICAN PHOTOCOPY EQUIPMENT
COMPANY v. LEW DEADMORE &
ASSOCIATES, INC. et al.

ARGUED SEPTEMBER 15, 1972—DECIDED SEPTEMBER 27, 1972.

*Cotton, Katz & White, Richard A. Katz,* for appellant.
*Lipshutz, Macey, Zusmann & Sikes, Michael Padnos,* for appellees.

CLARK, Judge. ■ "Service consists in the execution of process in manner provided by law. It is the notice by which a defendant is made subject to the court, and as such, service is essential to jurisdiction." Process and Service, Weltner (1961). "The courts of this state have no extra-territorial jurisdiction, and cannot make the citizens of foreign states amenable to their process, or conclude them by a judgment in personam, without their consent. [Cits.]" *Slowick v. Knorr,* 222 Ga. 669, 671 (151 SE2d 726). To enable Georgia courts to obtain jurisdiction over nonresidents, our Long Arm Statute was enacted (Ga. L. 1966, p. 343; Ga. L. 1970, pp. 443, 444), which appears in our unofficial annotated code as Sections 24-113.1 through 24-118, both inclusive. Section 24-115 provides that service there-

under may be made in the same manner as is made within Georgia or by any duly qualified attorney, solicitor, barrister, or equivalent in the foreign jurisdiction.

The initial order directing service to be made in this case recited it was to be made under "Georgia Code Ann. 24-115 (Long Arm Statute) by the mailing." This was erroneous as there is no provision therein or under our law which authorizes use of the mails for this purpose.[1] In *Roberts v. Roberts,* 219 Ga. 741 (135 SE2d 880) and *Tuten v. Tuten,* 227 Ga. 228 (180 SE2d 233), it was ruled that attempted service upon a nonresident individual by certified mail "was not such service as was required by law." Accordingly, regardless of the availability of the local place of business of the nonresident corporation, the fact exists that the attempted service by mail was a nullity.

■ "Where there has been no service of a suit, or waiver thereof, the neressity of service is not dispensed with by the mere fact that the defendant may in some way learn of the filing of the suit. *Carroll v. Muller,* 31 Ga. App. 209 (120 SE 548). See *Davis v. Comer,* 108 Ga. 117, 119 (33 SE 852, 75 ASR 33)." *Piggly-Wiggly Ga. Co. v. May Investing Corp.,* 189 Ga. 477, 479 (6 SE2d 579, 126 ALR 1465). In accord is *Payne v. Moore Finance Co.,* 87 Ga. App. 627 (74 SE2d 746).

■ "The failure of a foreign corporation to obtain a certificate of authority to conduct affairs in this State shall not impair the validity of any contract or act of such corporation, and shall not prevent such corporation from defending any action, suit or proceeding in any court of this State." Ga. L. 1968, pp. 565, 790 (*Code Ann.* § 22-3221 (c)). Accordingly, the unqualified foreign corporation had the right despite absence of legal service to file its defensive pleadings on its own initiative and become a third-party defendant without penalty. This conforms to Exodus 12:49:

---

[1]*Code Ann.* §§ 22-403, 22-1410 and 81A-104 provide for service upon the Secretary of State in specified circumstances with mailing by him.

"One law to him who is home born and unto the stranger who sojourneth among you."

■ During oral argument the attorneys urgently requested this court to provide guidelines as to service in cases of this type for the enlightenment of bench and bar. The three members of this bench constituting the South Georgia Division[2] recognize that the sole points for decision by us are (1) whether or not the purported service by mail under court order was valid and (2) the legal effect of knowledge by Apeco of the pendency of the action. Accordingly, our views as stated hereinafter must be considered obiter dictum and not ratio decidendi to be later adhered to under stare decisis.[3]

In our opinion process upon an unqualified foreign corporation[4] doing business in Georgia may be legally served in any one of the following ways:

(a) Personally upon the agent of such corporation in the county having proper venue. *Code Ann.* § 22-5301. "A foreign corporation doing business in this State may, for the purpose of a suit against it, be treated as a resident of this State and of any county in which it has an agent upon whom service can be perfected." *Borden v. I. B. C. Corp.*, 220 Ga. 688 (3) (141 SE2d 449).

(b) Where there is no agent in the county "then at the agency or place of doing business." *Code Ann.* § 22-5301.

(c) Our Long Arm Statute (Ga. L. 1966, pp. 343, 344) provides the corporation "may be served with a summons

---

[2]In the annual re-alignment of our three divisions we have by coincidence the historical first of three judges being "south of the Macon-Dawson Line": Eberhardt, P. J., being from Valdosta, Deen, J., from Alma, and Clark, J., from Savannah.

[3]Appellate judges should avoid being infected with "the divinity virus," a disease referred to by lawyers as "black robe-itis."

[4]As to service of process on foreign corporations authorized to transact business, see § 22-1410.

without the State, in the same manner as service is made within the State, by any person authorized to make service by the laws of the state, territory, possession, or country in which service is made or by any duly qualified attorney, solicitor, barrister, or equivalent in such jurisdiction." *Code Ann.* § 24-114.

(d) ". . . [D]oing business and having a managing or other agent, cashier or secretary within this State, to such agent, cashier, or secretary or to an agent designated for service of process." *Code Ann.* § 81A-104 (d) (2).

(e) When the action relates to, or the subject of· which is real or personal property in which defendant "has or claims a lien or interest, actual or contingent, therein, or in which the relief demanded consists wholly or in part of excluding such defendant from any interest therein," service may be through publication. *Code Ann.* § 81A-104 (e, 1) (ii) and (iii).

(f) By service upon a corporate officer. *City Fire Ins. Co. v. Carrugi,* 41 Ga. 660.

(g) Alternate service for special situations is provided "In all cases or special proceedings where the requirements or procedure for service, or both, are not prescribed by law, and in any situation where the provisions therefor are not clear or certain, the court may prescribe service according to the exigencies of each case, consistent with the Constitution." *Code Ann.* § 81A-104 (h, i). It should be noted that an effort was made to use this section in the present case but it is not available when another method is prescribed by statute as existed here.

■ The trial court here erred in vacating its previous order which had properly opened the default and permitted Apeco to file defensive pleadings.

*Judgment reversed. Eberhardt, P. J., and Deen, J., concur.*