## 48389. RADCLIFFE v. BOYD MOTOR LINES, INC.

Eberhardt, Presiding Judge. On March 2, 1972, Mrs. Nancy Radcliffe brought suit in Dougherty Superior Court against Boyd Motor Lines, Inc., alleging that the defendant is a Georgia corporation with its principal office and place of business in Terrell County, but that it owned and operated Albany Speedway in Dougherty County, and by reason of the defendant's negligence plaintiff's minor child was killed June 11, 1971 while she and her daughter were spectators and invitees at an automobile race conducted on the speedway when a wheel on one of the participating automobiles came off and went up into the bleachers, striking plaintiff's child.

Service on the defendant was made May 16, 1972, (1) by serving a man who lived in a trailer on the speedway, ostensibly as a caretaker, and (2) by sending a second original and copy to Terrell County, where the copy was served by the sheriff on an officer of the defendant.

Defendant moved to dismiss on the ground that the venue and jurisdiction of the action was properly in Terrell County and not in Dougherty County, and further moved to quash the service on the ground that there had been no lawful or proper service perfected. Evidence was submitted in support of and in

opposition to the motion before the judge without a jury.

The motions were sustained and plaintiff appeals. *Held:*

1. (a) Generally, a corporation must be sued in the county wherein it has its registered office and place of business, or where it maintains its principal office and place of business. Code Ann. § 22-404 (Ga. L. 1968, pp. 565, 584).

(b) The venue of a tort action against a corporation is, under the provisions of Code Ann. § 22-5301 (Ga. L. 1968, pp. 565, 820), in the county where the cause of action originated. The provision appeared in substantially the same form and to the same effect in the Code of 1933 as § 22-1102, in the Code of 1910 as § 2259, and in the Code of 1895 as § 1900. In *Speed Oil Co. v. Aycock,* 188 Ga. 46 (1) (2 SE2d 666) the Supreme Court held: "The legislature has power to declare the residence of corporations. Section 22-1102 of the Code [now § 22-5301] is not unconstitutional." The suit was properly brought in Dougherty County, and may proceed there if there is lawful and valid service on the defendant.

2. (a) Has there been lawful service? If there has not been, no lawful judgment could be rendered in the case. "In order for the court to obtain jurisdiction of a defendant, he must not only have been served in the manner pointed out by law, but there must be a legal return of such service." *Wood v. Callaway,* 119 Ga. 801, 803 (47 SE 178); *Albright-Prior Co. v. Pacific Selling Co.,* 126 Ga. 498 (1) (55 SE 251, 115 ASR 108); *Arthur Murray, Inc. v. Smith,* 124 Ga. App. 51 (2) (183 SE2d 66). "[T]he statutory method of service is exclusive." *Central Ga. Power Co. v. Parnell,* 11 Ga. App. 779, 782 (76 SE 157).

(b) "Service shall be made by delivering a copy of the summons attached to a copy of the complaint as follows: (1) if the suit is against a corporation incorporated or domesticated under the laws of this State, to the president, or other officer of the corporation, secretary, cashier, managing agent, or other agent thereof." CPA § 4; Code Ann. § 81A-104 (d).

In a tort action brought in the county wherein the cause of action originated, "service of such suits may be effected by leaving a copy of the writ with the agent of the defendant, or if there be no agent in the county, then at the agency or place of business." Code Ann. § 22-5301.

The return of service by the Deputy Sheriff of Dougherty County was: "I have this day served the defendant Boyd Motor Lines, Inc., a corporation, with a true copy of the within petition and

summons by handing same to David Boyd, defendant's agent at defendant's place of business, Albany Speedway, Dougherty [County]."

The evidence before the judge, sitting as the trior of fact, authorized a finding that David Boyd, a son of the president of the corporation, and on whom service was purportedly made, was employed full time by Firestone Tire & Rubber Company in Albany, and that he had been permitted to place a trailer or mobile home on the speedway property and live in it as a convenience in getting to and from his work. He was not on the defendant's payroll, was not an agent of the defendant, and performed no service for it unless it could be said to be that of a mere caretaker. The son, knowing that the zoning ordinances prohibited his living in the trailer or mobile home on the property and that electric service would not be provided unless he was a caretaker, in making application to obtain electric service, represented that he was a caretaker. He personally paid the bills for the electric service. There was thus some evidence which would sustain an inference that he was a caretaker, a mere servant at most, but no evidence authorizing a finding that he was an agent. It has been uniformly held that for the service to be valid it must be made on an *agent* of the corporation, and not on a mere servant or caretaker. *Smith v. Southern R. Co.,* 132 Ga. 57 (63 SE 801); *Georgia R. & Power Co. v. Head,* 150 Ga. 177 (103 SE 158); *Burkhalter v. Ford Motor Co.;* 29 Ga. App. 592 (116 SE 333); *Dowe v. Debus Mfg. Co.,* 49 Ga. App. 412, 413 (175 SE 676); *Southeastern Fidelity Ins. Co. v. Heard,* 123 Ga. App. 635 (3a, b) (182 SE2d 153).

(c)   While a tort action may be brought in the county where the injury was inflicted, if service can be perfected, "A private business corporation created under the laws of this State, with its principal office in a given county, can not be sued in another county for a trespass committed therein, when it has no agent, agency, or place of business in the latter county." *Tuggle v. Enterprise Lbr. Co.,* 123 Ga. 480 (51 SE 433). If the evidence had authorized a finding that David Boyd was in charge of the "business" of defendant in Dougherty County, a finding of agency would have been authorized. *Central Ga. Power Co. v. Parnell,* 11 Ga. App. 779, 782, supra. But there was no such evidence.

The attempted service was upon one who was, at most, a mere servant, and he could not, under the law, receive a valid service

on behalf of the corporation. The servant was erroneously described in the return as the "defendant's agent," and further asserts that he was "at defendant's place of business."

We are guided by the return as to the mode of service attempted. This is particularly true since the statute provides for several kinds of service and the officer should specify the mode of service in his return. *Southeastern Fidelity Ins. Co. v. Heard,* 123 Ga. App. 635 (2), supra. See also *Wood v. Callaway,* 119 Ga. 801, supra.

Was this service sufficient as service by leaving the copy "at the agency or place of business?" We do not regard the return as being one of service in that mode, but as being a return of service on a purported agent. We shall examine the record and the law applying to the return as that of service by leaving the copy at the agency or place of business.

First, it is to be observed that the Supreme Court has held that the terms "agency" and "place of business" have the same meaning, and are synonymous. *Tuggle v. Enterprise Lbr. Co.,* 123 Ga. 480, 481, supra. Likewise "office" and "place of business" are held to be synonymous. *General Reduction Co. v. Tharpe,* 11 Ga. App. 334 (75 SE 339).

The president of the defendant corporation testified that it had leased the land on which the speedway was operated until the end of 1971 and that it had operated the speedway through the racing season of that year, but that thereafter had neither scheduled nor held any races, that the rental was paid by the month until April, 1972, when the lease was surrendered up to the lessor because the company had been unable to comply with the requirements of the State Fire Marshal in providing safe bleachers, etc. at the track, and had been unable to comply with the requirements of the Department of Public Safety for obtaining a license to operate during the year 1972. These requirements would involve a substantial rebuilding of the stands at an expense which the company could not meet, and the obtaining of insurance on which it could not pay the premium. For these reasons it had never obtained a license to do business in 1972 and had never reopened for business. He testified that the company engaged in no business activity of any kind in Dougherty County since the close of the 1971 racing season beyond the payment of rent to the lessor until the lease was surrendered up. It had no officer, agent or employee in that

county. His son, David, who lived in a trailer on the property, was not employed or paid by the company and in fact had no duties to perform for it. The company had given up its obligation to maintain the race track when it surrendered up the lease.

The phrase "place of business" is to be given the usual, ordinary meaning attached to the words. Generally, it means a place where the public, having business to transact with the owner, is impliedly or expressly invited to come for that purpose. *Roberts v. State,* 4 Ga. App. 207 (4) (60 SE 1082). It is a place where business is conducted. *Jenkins v. State,* 4 Ga. App. 859 (1) (62 SE 574). It is a place where a plant, together with a superintendent and a force of laborers is located; a place for the transaction of such business as was necessary for the operation of the plant. *General Reduction Co. v. Tharpe,* 11 Ga. App. 334, supra. There is no place of business within the meaning of the statute providing for service thereat where it appears that "although [the corporation] had previously maintained an office or place of business in the county of the suit, such office or place of business had been discontinued when the suit was filed." *Padrick v. Kiser Co.,* 33 Ga. App. 15 (124 SE 901). And see *Planters Rural Telephone Co-op. v. Chance,* 107 Ga. App. 116 (129 SE2d 384), reversed on other grounds in 219 Ga. 1 (131 SE2d 541). See also *Bennett v. Taylor,* 36 Ga. App. 752 (138 SE 273); *Bell v. Stevens,* 100 Ga. App. 281 (111 SE2d 125).

The evidence here demanded a finding that the speedway business had been discontinued at the close of the 1971 racing season and had not been reopened or reactivated in Dougherty County. It is immaterial, then, whether the return was intended as one of service on an agent of the company or as one by leaving the copy at the company's place of business. In either event there was no valid service.

Neither *Hutcheson Mfg. Co. v. Chandler,* 29 Ga. App. 726 (116 SE 849) nor *Modern Coach Corp. v. Faver,* 87 Ga. App. 221 (73 SE2d 497) has application here, for it appears in each of them that the defendant corporation, by its charter, had its principal office and place of business in the county where the suit was brought. Here the defendant's charter provides that its principal office and place of business shall be in Terrell County, and we think the case of *Tuggle v. Enterprise Lbr. Co.,* 123 Ga. 480, supra, is controlling.

3. Service was made on the defendant in Terrell County by sending to the sheriff of that county a second original, with copy, and the

copy was served March 7, 1972 upon the defendant's president. Appellee urges that this was ineffective for that there is no provision of law for perfecting service in this manner. Second originals for service in another county are authorized under Code § 81-215, but this applies only where there are two or more defendants, one of whom resides in the county where the action was brought and another in some other county. *Scott v. Scott,* 192 Ga. 370 (4) (15 SE2d 416). That is not the situation here, and there was no authority for the issuance or service of a second original. *First Nat. Bank v. Dukes,* 138 Ga. 66 (74 SE 789).

Whether the trial court might provide some special method for perfecting service under the provisions of Code Ann. § 81A-104 (c, f) is not an issue before us for decision and we make no ruling on it. Cf. *Hutcheson Mfg. Co. v. Chandler,* 29 Ga. App. 726, supra.

4. It is urged that since the appellee holds a certificate from the Public Service Commission authorizing it to engage in the business of a common carrier (a truck line), it may be sued in the county where the tort was committed by it and served in the manner provided by Code Ann. § 68-514, as amended. The method of service under any statute must be in accord with its provisions. *Phillips v. Bond.* 132 Ga. 413, 419 (64 SE 456); *Fincher & Womble v. Hanson,* 12 Ga. App. 608 (2) (77 SE 1068); *Smith v. Bryan,* 60 Ga. 628 (3).

Code Ann. § 68-514 applies only to suits on contracts executed or torts committed in the course of and growing out of the common carrier operation in this state. *Record Truck Line v. Harrison,* 220 Ga. 289 (138 SE2d 578); *Taylor v. Jones,* 123 Ga. App. 476 (1) (181 SE2d 506).

"A common carrier is one who undertakes to transport from place to place for hire, the goods of such persons as think fit to employ him. . . To bring a person under the description of a common carrier, he must exercise it as a public employment; he must undertake to carry goods for persons generally, and he must hold himself out as ready to engage in the transportation of goods for hire, as a business and not as a casual occupation 'pro hac vice.' " *Fish v. Chapman & Ross,* 2 Ga. 349, 352 (46 AD 393). "One whose business, occupation, or regular calling it is to carry chattels for all persons who may choose to employ and remunerate him" is a common carrier. *Central of Ga. R. Co. v. Lippman,* 110 Ga. 665, 672 (36 SE 202, 50 LRA 673). See also *Southern Express Co. v. Newby,* 36 Ga. 635 (1) (91 AD 783); *McIntyre v. Harrison,* 172 Ga. 65 (5) (157 SE 499); *Aero Mayflower Transit Co. v. Ga. Public*

*Service Comm.,* 179 Ga. 431 (1) (176 SE 487). And see Code Ann. § 68-502 for a definition of a motor common carrier.

An element in the definition of motor carriers in Code Ann. § 68-502 is that their carrier business be operated over the public highways, and a speedway or race track is not a public highway. *Barker v. Life & Cas. Ins. Co.,* 78 Ga. App. 252 (50 SE2d 375). It does not appear here that the speedway was built or maintained with public funds or that it was open for use to the general public as a matter of right, and for that reason it is not a public highway. *Cabe v. Edwards,* 107 Ga. App. 551, 552 (130 SE2d 803). As to what constitutes a public road or highway see *Ga. S. & F. R. Co. v. Blanchard,* 121 Ga. App. 82 (173 SE2d 103), cits. in footnote, p. 86. The operation or of a speedway is not a common carrier operation.

The injury suffered arose out of a non-carrier operation by the defendant and the provisions of Code § 68-514 have no application here.

5. "[N]o case can proceed without service upon the defendant in one of the modes prescribed by law, unless service is waived." *Carroll v. Muller,* 31 Ga. App. 209 (1) (120 SE 548). And see cases cited above in Division 4. Unless waived the necessity of service is not dispensed with by the mere fact that the defendant may in some way learn of or have actual knowledge of the filing of the action. *Piggly-Wiggly Ga. Co. v. May Investing Corp.,* 189 Ga. 477, 479 (6 SE2d 579, 126 ALR 1465); *Dunn v. Dunn,* 221 Ga. 368, 370 (144 SE2d 758); *Payne v. Moore Finance Co.,* 87 Ga. App. 627, 628 (74 SE2d 746); *American Photocopy &c. v. Lew Deadmore & Assoc.,* 127 Ga. App. 207, 209 (193 SE2d 275). That the defendant may have received a copy of the complaint and summons in connection with an attempted but invalid service does not suffice to afford the required notice of the action or dispense with a valid service. *Wood v. Callaway,* 119 Ga. 801, 803, supra.

The attempted service by way of a second original was not valid.

Since there has been no valid service, the court did not err in sustaining the motion to quash it.

The trial court erred in dismissing the action for lack of venue, but correctly held that the attempted service was invalid and quashed it.

*Judgment reversed as to the dismissal, but affirmed as to the quashing of service. Pannell and Stolz, JJ., concur.*

ARGUED JUNE 29, 1973 — DECIDED SEPTEMBER 10, 1973 — REHEARING DENIED SEPTEMBER 26, 1973 —

*May & Margeson, Burt, Burt & Rentz, H. P. Burt,* for appellant.
*Landau, Davis & Farkas, Leonard J. Spooner,* for appellee.