## 28425. BROWN v. CALDWELL.

GUNTER, Justice. In this habeas corpus case the applicant, an inmate of the Department of Corrections, did not attack the sentence that he is serving but attacked the treatment and discipline that has been accorded to him as an inmate of the Department of Corrections. The habeas corpus court remanded the appellant to custody, and he has come to this court seeking review.

Under Georgia's habeas corpus statutes an application for the writ is not the proper procedure for attacking the treatment, the discipline, or the conditions of confinement being imposed upon an inmate by the department.

Code Ann. § 77-307 provides that the State Board of Corrections

shall promulgate rules relative to the treatment, discipline, and conditions of confinement of all inmates coming under its custody. Code Ann. § 77-308 provides that all rules enacted by the board shall be reasonable.

The complaint by an inmate of the invalidity of one or more of the department's rules, or for the failure to apply and abide by one or more of the department's rules, or for the violation of one or more of the department's rules, with respect to treatment, discipline, or conditions of confinement of the inmate must be asserted in an action against the Director of the Department of Corrections. And such an action against the director must assert that administrative procedures provided by the Department for the correction of such alleged complaints must have been exhausted prior to the filing of the action against the director. In other words, an application for a writ of habeas corpus is not the proper procedure in this state for the rectification of this sort of grievance by an inmate within the custody of the department.

Inmate grievances must be first heard and determined within the Department of Corrections, and from an adverse Department determination an action can be brought in the courts, in the nature of mandamus or injunction, against the director of the department. Such a procedure is proper and adequate for the assertion of inmate grievances and for the correction of inmate grievances determined to be legitimate. The judgment rendered below in this habeas corpus case was correct.

*Judgment affirmed. All the Justices concur.*

SUBMITTED NOVEMBER 16, 1973 — DECIDED MARCH 7, 1974.

John X. Brown, *pro se.*

*Arthur K. Bolton, Attorney General, Courtney Wilder Stanton, David J. Bailey, Assistant Attorneys General,* for appellee.