## 29504. HEARD et al. v. HOPPER.

NICHOLS, Chief Justice.

Appellants are inmates at the Georgia State Prison and brought this action on their own behalf and on behalf of other inmates similarly situated against the appellee warden for injunctive relief in connection with confinement in the prison's Disciplinary Isolation and Adjustment Center facilities. Appellants also filed a petition to hold in contempt certain prison officials who failed to appear at the interlocutory hearing as subpoenaed witnesses.

After a hearing the trial court denied the injunctive relief prayed for and dismissed the contempt petition. Appellants appeal from both rulings.

1. "The complaint by an inmate of the invalidity of one or more of the department's rules, or for the failure to apply and abide by one or more of the department's rules, or for the violation of one or more of the department's rules, with respect to treatment, discipline, or conditions of confinement of the inmate must be asserted in an action against the Director of the Department of Corrections. And such an action against the director must assert that administrative procedures provided by the Department for the correction of such alleged complaints must have been exhausted prior to the filing of the action against the director. . . .

"Inmate grievances must be first heard and determined within the Department of Corrections, and from an adverse Department determination an action can be brought in the courts, in the nature of mandamus or injunction, against the director of the department." *Brown v. Caldwell,* 231 Ga. 795, 796 (204 SE2d 137).

Accordingly, the trial court did not err in dismissing the complaint against the appellee warden.

2. After a separate hearing on the contempt petition, the trial court found that the defendant officers were not properly served and ordered the petition dismissed.

Appellants attempted to serve subpoenas on prison officers Seay and Spivey. The evidence presented at the contempt hearing showed that appellants placed subpoenas in unstamped and unsealed envelopes which

they sent to the officers in the prison mail. Officer Seay testified that he never received a subpoena. Officer Spivey testified that he did receive the subpoena which was addressed to him.

Code Ann. § 38-801 (c) governs the permissible modes of serving subpoenas. That statute provides: "A subpoena may be served by any sheriff, by his deputy or by any other person not less than 18 years of age. Proof may be shown by return or certificate indorsed on a copy of the subpoena. Subpoenas may also be served by registered or certified mail, and the return receipt shall constitute prima facie proof of service. Service upon a party may be made by serving his counsel of record."

With respect to pleadings and other matters which must be served upon an adversary party, it has been uniformly held that it is immaterial that the party actually received the pleading or other matter where service was otherwise improper. See *Dunn v. Dunn,* 221 Ga. 368 (1) (144 SE2d 758); *Piggly-Wiggly Georgia Co. v. May Investing Corp.,* 189 Ga. 477 (6 SE2d 579, 126 ALR 1465); *Davis v. Comer & Co.,* 108 Ga. 117 (33 SE 852); *Radcliffe v. Boyd Motor Lines,* 129 Ga. App. 725 (5) (201 SE2d 4); *American Photocopy &c. Co. v. Lew Deadmore & Assoc.,* 127 Ga. App. 207 (193 SE2d 275); *Payne v. Moore Finance Co.,* 87 Ga. App. 627 (74 SE2d 746); *Carroll v. Muller,* 31 Ga. App. 209 (120 SE 548). No reason appears why the same rule should not apply with respect to service of subpoenas. In the instant case service of the subpoenas was not effected either by personal service or by certified mail, the only two modes authorized by Code Ann. § 38-801(c). The trial court did not err, therefore, in dismissing the petition for contempt.

*Judgment affirmed. All the Justices concur, except Ingram and Hill, JJ., who concur specially.*

SUBMITTED DECEMBER 30, 1974 — DECIDED FEBRUARY 4, 1975.

R. Jerome Heard, *pro se, Alton Gates,* for appellants.
*Arthur K. Bolton, Attorney General, David L. G. King, Assistant Attorney General,* for appellee.

HILL, Justice, concurring specially.

My concern relates to Division 2 of the opinion.

Appellants attempted to serve subpoenas on prison officers by use of the prison mail. One, Officer Seay, stated under oath that he did not receive a subpoena and the citation for contempt was dismissed as to him. Another, Officer Spivey, acknowledged that he did receive a subpoena. I concur in the judgment as to Officer Seay and concur specially as to Officer Spivey.

The latter officer stated under oath that he was advised by the warden not to worry about the subpoena. The warden stated under oath that he checked the law and concluded that since the subpoena had not been mailed or personally delivered that the witness was not required to appear. He stated further that the officer had been assigned to "Emergency Overtime duty" and his services "might have been necessary"; i.e., the officer was "on call."

In a case such as this, where a witness employed by the state and under subpoena is unavailable, a continuance would be in order.

In a case such as this, where a witness employed by the state actually receives a subpoena, no matter how received, a motion to quash will raise any question as to sufficiency of service.

The legislature likely did not have a case such as this in mind when it enacted Code Ann. § 38-801 (c). The operation of a prison probably does not permit an inmate to personally serve subpoenas. Requiring service by registered or certified mail under these circumstances is nonsensical. The prison officials should, in my view, make provisions for service of subpoenas within the institution. In the absence of such alternative method for serving subpoenas, I concur specially as to Division 2 of the opinion.

I am authorized to state that Justice Ingram joins in this concurrence.