LUXURY AIR SERVICE, INC., Plaintiff,

v.

CESSNA AIRCRAFT COMPANY,
Defendant,

Bernard Stevens, Defendant by
Counterclaim,

E. C. Aviation Services, Defendant,
Plaintiff by Counterclaim, and
Third-Party Plaintiff,

v.

ELECTROSONICS DIVISION OF AiRA-
DIO CORP., Third-Party Defendant

and

Hill Aircraft and Leasing Corp.,
Third-Party Defendant.

Civ. A. No. C77–1493A.

United States District Court,
N. D. Georgia,
Atlanta Division.

March 28, 1978.

Robert E. Shields, Kilpatrick, Cody, Rogers, McClatchey & Regenstein, Atlanta, Ga., for Luxury Air Service, Inc. and Bernard Stevens.

Thomas R. Todd, Jr., Macey, Stern, Brock & Todd, Atlanta, Ga., for E. C. Aviation Services.

J. Arthur Mozley and Donald R. Andersen, Phillips, Hart & Mozley, Atlanta, Ga., for Cessna Aircraft Co.

S. Phillip Heiner, Long, Aldridge, Heiner, Stevens & Sumner, Atlanta, Ga., for Electrosonics Division of AiRadio Corp.

James F. Stovall, III, Thompson, Stovall, Stokes & Thompson, Atlanta, Ga., for Hill Aircraft and Leasing Corp.

## ORDER

MURPHY, District Judge.

This action arises out of a contract for the sale of an airplane between the plaintiff and defendant, E. C. Aviation Services [hereinafter referred to as Services]. Jurisdiction is invoked under 28 U.S.C. § 1332, based on diversity of citizenship. Defendant, Services filed third-party complaints against Electrosonics Division of AiRadio [hereinafter referred to as AiRadio] and Hill Aircraft and Leasing Corp. [hereinafter referred to as Hill]. Presently pending before the Court is a motion by AiRadio to dismiss the third-party action and a motion by Hill for summary judgment.

On or about October 9, 1976, the plaintiff entered into a written agreement with defendant Services for the sale of a Cessna 402B airplane. The plane was delivered to the plaintiff in Georgia on October 15, 1976. Subsequently the plaintiff encountered numerous difficulties in operating the plane. Plaintiff alleged that attempts to repair and correct the plane's deficiencies were ineffective. By letter postmarked May 27, 1977, the plaintiff attempted to revoke its acceptance of the plane and rescind the sales agreement which it had entered. The plaintiff stopped making payments on a promissory note issued to finance the purchase and the plane was repossessed. The plaintiff instituted this suit seeking reimbursement of the amount paid on the contract and damages.

Defendant Services filed a third-party complaint against AiRadio and Hill, claiming that if it were found liable to the plaintiff, then the third-party defendants would be liable to it. AiRadio is an Ohio Corporation which supplies, installs and repairs avionic equipment. Hill is a Georgia corporation which does repair work on airplanes.

1. Third-party defendant Hill has moved for summary judgment contending that it was not involved in any way with the contract in question nor in performing any repair work pursuant to the warranty. Hill argues that no agreement concerning the performance of warranty service work existed between it and the third-party plaintiff. Therefore, it cannot be liable to the third-party plaintiff even if the third-party plaintiff is found liable to the original plaintiff.

Summary judgment should be granted only if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R.Civ.P. 56(c). For the purpose of determining whether any material fact remains

disputed, the Court must resolve all ambiguities and draw all reasonable inferences in favor of the party against whom summary judgment is sought. *United States v. Diebold, Inc.*, 369 U.S. 654, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962). The burden is on the moving party to demonstrate the absence of any material factual issue in dispute. *Adickes v. Kress & Co.*, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970).

■ Third-party plaintiff Services disputes the conclusions of Hill. Services submitted affidavits supporting its contention that an agreement to perform repair work pursuant to the manufacturer's warranty had been entered into with Hill. Services also contends that defects complained of by the plaintiff were at least partially caused by the work of third-party defendant Hill. It is uncontroverted that Hill did perform repair work on the plane which is the subject matter of the disputed contract. Resolving ambiguities in favor of the nonmovant, this Court finds that third-party defendant Hill is a party, "who is or may be liable" to third-party plaintiff, Services. Fed.R.Civ.P. 14(a). The motion for summary judgment is denied.

2. Third-party defendant AiRadio has moved to dismiss the complaint filed against it for lack of personal jurisdiction and insufficient service of process. AiRadio supplied and installed avionic equipment in the plane ultimately purchased by the original plaintiff. The contract for such equipment and services was between AiRadio and Services.

■ The original service of process on AiRadio in this third-party action was received through the normal course of the United States mail. Rule 4(e) of the Federal Rules of Civil Procedure provides that when a party in federal court seeks to take advantage of state law for service of process on a non-resident, the service must be made, "in the manner prescribed in the [state] statute or rule." Service of process under the Georgia long-arm statute is provided for in Ga.Code Ann. § 24–115. This code section provides that service on nonresidents be made in the same manner as it is on residents. Service of process must be personally delivered by one authorized to make service in the jurisdiction where the nonresident is found. There is no provision under Georgia law that allows service to be effected through the use of the mails. *American Photocopy Equipment Company v. Lew Deadmore & Associates, Inc.*, 127 Ga.App. 207, 209, 193 S.E.2d 275 (1972). A second attempt at effecting service was performed in the authorized manner on February 7, 1978. Proper service was not so delayed as to bar the action due to laches.

The more difficult question arises from the exercise of Georgia's long-arm statute, Ga.Code Ann. § 24–113.1, to obtain personal jurisdiction over AiRadio. AiRadio is an Ohio corporation. All work done under its contract with Services was performed in Ohio. AiRadio has no office, agent, or place of business in Georgia. AiRadio did not ship any goods into Georgia. AiRadio's contact with Georgia, as it relates to the present action, is limited to two visits by AiRadio personnel to Georgia. Prior to the sale of the plane, a sales representative of AiRadio attended a demonstration in Georgia by Services of a similar type of airplane in order to answer questions concerning the avionic equipment. Subsequent to the sale of the plane, an AiRadio representative accompanied the plane to Georgia in order to demonstrate the avionic equipment and answer additional questions.

■ Plaintiff has the burden of establishing the jurisdiction of the court. *Product Promotions, Inc. v. Costeau*, 495 F.2d 483 (5th Cir. 1974). Services relies on Ga. Code Ann. § 24–113.1(a) for the exercise of personal jurisdiction over AiRadio. Ga. Code Ann. § 24–113.1(a) authorizes the exercise of personal jurisdiction over a nonresident if he or his agent, "transacts any business" in the State. The cause of action must arise from the transactions upon which the Court bases the exercise of its long-arm jurisdiction. Other business which defendant might have done in Georgia is not relevant. *Castleberry v. Gold Agency, Inc.*, 124 Ga.App. 694, 697, 185 S.E.2d 557 (1971).

The third-party plaintiff relies on the Georgia Supreme Court's holding in *J. C. Penney Company v. Malouf Company*, 230 Ga. 140, 196 S.E.2d 145 (1973). The Georgia Supreme Court held that placing merchandise in the "stream of commerce" for delivery and resale in Georgia constituted "transacting any business" within the state. *id.* at 143, 196 S.E.2d 145. Services' reliance is misplaced. AiRadio shipped nothing into Georgia. Rather it delivered its products and services to the third-party plaintiff in Ohio. It is Services that transported the plane into Georgia. Services is the source from which this "stream of commerce" flows.

■ The present circumstances resemble those found in *Fulghum Industries, Inc. v. Walterboro Forest Products, Inc.*, 477 F.2d 910 (5th Cir. 1973). In that case, the nonresident defendant contracted with the plaintiff to design and construct a sawmill. As part of the contract negotiations, the defendant visited plaintiff's sawmill and others designed by him in Georgia. Distinguishing contract and tort actions, the Fifth Circuit Court of Appeals held that such limited contacts were insufficient to invoke Ga.Code Ann. § 24–113.1(a). In the present action, AiRadio's first visit to Georgia might be considered as part of the contract negotiations, since their answers influenced the plaintiff's decision to buy the airplane. This alone is not enough to sustain the exercise of Georgia's long-arm jurisdiction. AiRadio's second visit occurred after the sales contract was signed and the purchase finalized. As it does not relate to the contract giving rise to this action, it cannot provide a basis for the exercise of long-arm jurisdiction under section (a) of the statute. *Castleberry v. Gold Agency and Company*, supra; *Fulghum Industries, Inc. v. Walterboro Forest Products, Inc.*, supra.

Also relevant to the present action is this Court's holding in *Harris v. North American Rockwell Corporation*, 372 F.Supp. 958 (N.D.Ga.1974). There we refused to exercise personal jurisdiction over a nonresident drill manufacturer whose products were distributed in Georgia by the defendant corporation. In that case, the nonresident third-party defendant did not conduct any business in Georgia or ship its products into the state. There, as here, this Court held that such conduct did not constitute "transacting any business" as that expression is used in Ga.Code Ann. § 24–113.1(a). The motion to dismiss is granted.

Accordingly third-party defendant Hill's motion for summary judgment is DENIED. Third-party defendant AiRadio's motion to dismiss is GRANTED.

SO ORDERED, This the 28th day of March, 1978.