## 33620. EDWARDS v. MALMBERG.

HILL, Justice.

Appellant Edwards filed a pro se complaint against H. Malmberg, Hospital Administrator, Georgia State Prison, in the Tattnall Superior Court seeking to strike from petitioner's record certain alleged defamatory statements allegedly made by the defendant which caused petitioner to lose his job as a nurse in the prison hospital. He also sought temporary injunctive relief pending final trial. The trial court construed the pleading as a petition for a writ of habeas corpus and refused to sanction it for the reason that it did not state grounds for habeas relief.

Edwards enumerates as error the trial court's determination that the pleading was a petition for a writ of habeas corpus, arguing that he did not seek to contest the validity of his confinement but rather sought injunctive and declaratory relief regarding his job classification and disciplinary ramifications. In view of the styling and nature of the complaint and the relief sought, we agree that it was not a petition for a writ of habeas corpus. However, a complaint by an inmate seeking injunctive or declaratory relief regarding his treatment, discipline, or conditions of confinement, must be asserted in an action against the director of the Department of Corrections. *Brown v. Caldwell,* 231 Ga. 795, 796 (204 SE2d 137) (1974); *Forbes v. Ricketts,* 234 Ga. 316 (1) (216 SE2d 82) (1975).

*Judgment affirmed. All the Justices concur.*

SUBMITTED MAY 26, 1978 — DECIDED JUNE 28, 1978.

*James C. Bonner, Jr.*, for appellant.
Paul D. Edwards, *pro se.*
*Arthur K. Bolton, Attorney General, William B. Hill, Staff Assistant Attorney General*, for appellee.