## 72550. WHITSELL v. THE STATE.
### (346 SE2d 130)

DEEN, Presiding Judge.

On September 30, 1984, after receiving a tip that James Edward Whitsell was illegally hunting deer with dogs in Dawson County, two conservation officers with the Department of Natural Resources met up with Whitsell as they were travelling opposite directions on a one-lane dirt road. Two dogs were in the back of Whitsell's truck, and both Whitsell and his passenger had rifles in the cab. The conservation officers ascertained that one of the rifles belonged to Whitsell, read him the *Miranda* warnings, asked him whether he had ever been convicted of a felony (to which he responded affirmatively), and placed him under arrest for possessing a firearm as a convicted felon.

Whitsell's sole defense was lack of intent to violate any law prohibiting convicted felons from possessing firearms. (It was uncontradicted that in previous years Whitsell had obtained a license to carry a pistol, and, in fact, had purchased a pistol through the sheriff's department.) The jury found Whitsell guilty, but recommended that he be placed on probation. The trial court, however, sentenced him to serve one year in prison, followed by four years' probation, and as conditions of probation imposed a $2,500 fine and forbade Whitsell from getting closer than approximately 100 yards to the Dawson

County line.[1] This appeal resulted. *Held*:

1. During closing argument for the state, the district attorney read law to the trial court in the presence of the jury. In doing so, the prosecutor identified and quoted several statutes and appellate court decisions. Two of the quoted Code sections on intent, i.e., OCGA §§ 16-2-4; 16-2-5, had already been found by the United States Supreme Court to be constitutionally impermissive. *Francis v. Franklin*, 471 U. S. ___ (105 SC 1965, 85 LE2d 344) (1985). Also, in *Conklin v. State*, 254 Ga. 558 (331 SE2d 532) (1985), which was decided approximately one and one-half months before Whitsell's trial, the Georgia Supreme Court announced the prospective rule that allowing counsel to read law to the trial court in the presence of the jury in criminal cases shall constitute reversible error.

shall constitute reversible error.

Whitsell's attorney did not object to the district attorney's reading law in this case on the basis of the *Conklin* rule, but did move for a mistrial because of the invalidated statutes having been read to the jury. While the harm visited by the prosecutor's reading bad law on intent obviously is not so acute as that resulting from a trial court's instructing the jury burden-shifting law on intent, we agree with Whitsell that it nevertheless constituted reversible error. The trial court should have granted the motion for mistrial.

2. Whitsell's remaining enumerations of error demonstrate no other reversible error.

*Judgment reversed. Benham and Beasley, JJ., concur.*

DECIDED JUNE 12, 1986.

*George W. Weaver*, for appellant.
*Bruce L. Udolf, District Attorney*, for appellee.

[1] Not to be confused with the "Macon-Dawson" line (several degrees north of the "gnat line"). This term was conceived by the writer during WW II while soldiers were criss-crossing the "Mason-Dixon" line, and first quoted in *American Photocopy Equip. Co. v. Lew Deadmore & Assoc.*, 127 Ga. App. 207, 210 (193 SE2d 275) (1972), by our former distinguished colleague, Judge H. Sol Clark.