## 58543. GREENE v. FIRST LEASE, INC.

SHULMAN, Judge.

Defendant appeals the denial of his motion to set aside a default judgment, which motion was based on defendant's contention that due to legally deficient service of process, the trial court lacked personal jurisdiction to enter the judgment. We reverse.

Appellant Greene contends that he was not personally served with a summons and complaint as required under Code Ann. § 81A-104 (d) (7). Although appellant concedes that the Greene Agency Corporation was properly served as a party defendant (through appellant, as agent for the corporation), appellant contends that the plaintiff's failure to personally serve the defendant as an individual defendant precluded the court from entering judgment against him. We agree.

The only evidence relating to service of process on either appellant Greene or defendant Greene Agency Corporation (not a party to this appeal) is a return of service, which, as appellant points out, showed only that the corporation as a defendant had been served.

"[I]t is manifest that a court ought not to proceed without having a legal return of record to show that its process had been actually served and that it had acquired jurisdiction over the person of the defendant. *If there is an entire absence of a return,* or if the return made is void because showing service upon the wrong person, or at a time, place, or in a manner not provided by law, the court can not proceed. [Cit.]" (Emphasis supplied.) *Jones v. Bibb Brick Co.,* 120 Ga. 321, 324 (48 SE 25). See also *Spencer v. Taylor,* 144 Ga. App. 641 (4) (242 SE2d 308).

*Olvey v. C. & S. Bank of Clayton County,* 146 Ga. App. 484, 485 (246 SE2d 485), citing *Keys v. Keys,* 86 Ga. App. 815 (72 SE2d 810), holds that "where a defendant has in no way submitted himself to the jurisdiction of the court, it is without jurisdiction to enter judgment against him until he is served *and* a legal return of service entered."

· In the case at bar, there is no return of service for the defendant-appellant Greene. There is only a return of service for defendant Greene Agency Corporation. A return of service of process on another party defendant (Greene Agency Corp.) is not proof of proper service of process on defendant Greene, for whom there is no return of service. This being so, the court erred in denying appellant's motion to set aside.

Neither *Daniel & Daniel, Inc. v. Stewart Bros., Inc.,* 139 Ga. App. 372 (1) (228 SE2d 586), nor *Olvey v. C. & S. Bank of Clayton County,* supra, compels a contrary result, since both cases involve irregularities in the return of service, not the "entire absence" of a return. *Rielly v. Crook,* 112 Ga. App. 334, 336 (145 SE2d 110).

Accordingly, the judgment of the trial court denying appellant's motion to set aside must be reversed.

*Judgment reversed. Deen, C. J., and Carley, J., concur.*

ARGUED SEPTEMBER 6, 1979 — DECIDED NOVEMBER 19, 1979 — REHEARING DENIED NOVEMBER 30, 1979.

*William R. Hurst,* for appellant.
*John A. Clark,* for appellee.