37929. AMOENA CORPORATION v. STRICKLAND.

MARSHALL, Justice.

The appellant taxpayer applied to the appellee State Revenue Commissioner for a certificate of exemption on molds used by the appellant in the manufacture of certain prosthetic devices. It is the taxpayer's position that these molds qualify for a exemption from sales and use taxation, because they constitute "machinery" within the meaning of § 91A-4503 (hh) (2) of the Georgia Sales and Use Tax Act. Code Ann. § 91A-4503 (hh) (2) (Ga. L. 1978, pp. 309, 613; as amended). The commissioner denied the taxpayer's application for a certificate of exemption, on the ground that the molds are items of

tooling and not machinery. The superior court agreed with the commissioner and denied the taxpayer's appeal. The taxpayer now appeals the superior court's ruling. The appeal comes to this court under *Collins v. State,* 239 Ga. 400 (236 SE2d 759) (1977). We reverse.

The taxpayer is engaged in the manufacture of breast prostheses for mastectomy patients. The prostheses are manufactured in metal devices containing two-part molds. The bottom part of the mold (referred to as the female part) creates the front shape of the prosthesis; and the top part of the mold (referred to as the male part) creates the hollowed-out part of the prosthesis which fits into the part of the wearer's body from which tissue has been removed through the mastectomy. There is a set of clamps affixed to the mold for the purpose of maintaining the upper and lower parts in a fixed position. A polyurethane membrane is placed in the mold, and a silicon gel is pumped into the membrane. The device is then placed in an oven for curing. The heat generated by the oven causes the silicon gel to expand, and it is converted into a solid mass conforming to the contours of the mold.

Code Ann. § 91A-4503 (hh) (2), supra, creates an exemption from sales and use taxation for "[m]achinery which is used directly in the manufacture of tangible personal property when the machinery is incorporated for the first time into a new manufacturing plant located in this State."[1] The taxpayer applied to the Department of Revenue for certificates of exemption on eleven components used in manufacturing the prostheses: molds, mix/pump, freezer, work benches, ovens, scale, mixer, conveyer/heater, spray booth, air compressor, silicon rejuvenating machine. The department granted certificates of exemption on all of these components except the work benches and the molds.[2] Certificates of exemption were denied on these latter two components, because neither of them fits within the dictionary definition of a "machine" as a device which transmits or modifies force or receives or gives off motion.

The taxpayer argues that the molds qualify for the tax exemption, even under the foregoing definition of "machine,"

---

[1] Before the superior court, the commissioner also argued that the molds are not entitled to the exemption, because they do not satisfy the requirement of § 91A-4503 (hh) (2) of being "incorporated" into the taxpayer's manufacturing plant. The superior court ruled that the molds were "incorporated" into the appellant's manufacturing facility, within the meaning of § 91A-4503 (hh) (2), by being utilized in the manufacturing process even though they are not permanently affixed. The commissioner does not enumerate this ruling as error on appeal.

[2] The taxpayer does not complain of the denial of a certificate of exemption on the work benches.

because the clamps affixed to the upper and lower parts of the mold provide a counterforce to the pressure exerted on the silicon gel by the heat. In this manner, the taxpayer maintains that the molds do modify force so as to transform a shapeless mass of silicon into a salable product. The commissioner's response to this argument is that it is the heat generated by the oven that transforms the silicon gel into a solid state and not the mold.

The superior court agreed with the commissioner's denial of the tax exemption, ruling as follows:

"A mold, in and of itself, is obviously not a machine, but a mere container, no different from a clay pot or a steel tub. The fact that the molds in question have an upper part, with movable levers to fix it firmly in place so as to make it pressure-resistant, does not alter the essential characteristic of the mold as a container.

"The most that can be said of the levers affixed to the upper portion of the mold is that they retain that portion firmly in place. A device for keeping two things together cannot, in and of itself, constitute a machine, inasmuch as there is no application or modification of force to a specific purpose. Paper clips, clothespins, radiator caps, screen door latches — rocks on top of newspapers — all of these serve precisely the same function as the levers on the molds."

*Held:*

1. In *Southwire Co. v. Chilivis,* 139 Ga. App. 329 (228 SE2d 295) (1976); *Blackmon v. Screven County Indus. Dev. Auth.,* 131 Ga. App. 265 (205 SE2d 497) (1974); and *Hawes v. Custom Canners, Inc.,* 121 Ga. App. 203 (173 SE2d 400) (1970), the Court of Appeals has been called upon to determine whether various machinery was "used directly" in the manufacture of tangible personal property, so as to qualify for a sales and use tax exemption under § 91A-4503 (hh) (2) and its predecessor. See also *State of Ga. v. Cherokee Brick &c. Co.,* 89 Ga. App. 235 (79 SE2d 322) (1953). In these cases, the Court of Appeals has adopted the view that even though machinery may be essential to a manufacturing operation, it does not qualify for the exemption unless it is an actual part of the manufacturing process.[3] These decisions are based on the rationale that tax exemptions are to be strictly construed against the taxpayer and doubts resolved in favor of taxability. *Southwire Co. v. Chilivis,* supra, and cits.

In *Hawes v. Custom Canners, Inc.,* supra, it was held that where a tank was used to store liquid sugar prior to the sugar's being used in

---

[3] This view is in contradistinction to the "integrated plant" theory adopted in Niagara Mohawk Power Corp. v. Wanamaker, 286 App. Div. 446 (144 NYS2d 458) (1955). See Floyd Charcoal Co. v. Director of Revenue, 599 SW2d 173 (Mo. 1980).

the manufacture of carbonated beverages, the tank was used indirectly rather than directly in the manufacturing process and thus not exempt from taxation. In the course of rendering this decision, the Court of Appeals cited approvingly from Ohio Stove Co. v. Bowers, 172 NE2d 295 (Ohio St., 1961), which dealt with machinery for making molds, where the molds were used in making iron castings. The Ohio court held that although the molds themselves were directly used in manufacturing the castings, the machinery used to make the molds was not.

Accordingly, it is clear that the molds here do satisfy the requirement of being "directly used" in the manufacturing process.

2. We thus proceed to the commissioner's argument that the molds do not constitute "machinery" within the meaning of § 91A-4503 (hh) (2). As previously stated, the commissioner argues that the molds do not constitute "machinery," because they do not fit within the dictionary definition of a machine as a device which transmits or modifies force or receives or gives off motion. However, the appellee fails to acknowledge that the term "machinery" is more expansive than the term "machine," in that the term "machinery" embraces both those parts of a machine which do generate or distribute power, as well as those parts of a machine which do not generate or distribute power. State v. Taylor, 80 S2d 618 (Ala., 1954); Gulf Oil Corp. v. City of Philadelphia, 357 Pa. 101 (53 A2d 250, 172 ALR 302) (1947); N. K. Fairbank & Co. v. Cincinnati N. O. & T. P. Ry. Co., 66 F. 471 (S.D. Ohio, 1895); Benedict v. City of New Orleans, 11 S 41 (La., 1892). Therefore, although the molds here might not constitute machines in themselves, they do constitute part of the machinery used by the appellant in manufacturing the prosthetic devices.

In addition, it is a debatable question as to whether it is even correct in the present era to limit the definition of a machine to a moving device. As stated by the Supreme Court of Pennsylvania in Gulf Oil Corp. v. City of Philadelphia, 53 A2d 250, supra, p. 253: "The fallacy that tanks or containers in which processing takes place cannot be either machines or machinery proceeds from the erroneous premise that nothing is machinery that does not 'apply (physical) force or involve the quality of motion.' Before and at the very dawning of the 'machine age' when the machinery best known to the public were saw mills and grist mills and later cotton gins and steam engines, it was natural to entertain the concept that all machinery involved motion and anything which did not move was not machinery. The modern 'machine age' has outgrown that concept. Much of the machinery today has only passive or motion-less functions to perform in manufacturing."

3. It is true that tax exemptions are to be strictly construed against the taxpayer and doubts resolved in favor of taxability. However, this should not impinge on the other rule that a statute is to be construed in accordance with its real intent and meaning and not so strictly as to defeat the legislative purpose. State v. Taylor, supra.

4. As stated by the Supreme Judicial Court of Massachusetts in holding that an abstruse definition should not be given to the term "machinery" under a Massachusetts taxing statute: "To place a construction on it that would challenge the dialectic ingenuity of a medieval philosopher could hardly have been intended by the Legislature." Board of Assessors of City of Haverhill v. J. J. Newberry Co., 115 NE2d 139, 141 (Mass., 1953).[4]

*Judgment reversed. All the Justices concur, except Weltner, J., who is disqualified.*

DECIDED NOVEMBER 6, 1981 —
REHEARING DENIED NOVEMBER 18, 1981.

*Cofer, Beauchamp, Hawes & Brown, Peyton S. Hawes, Jr., Thomas J. Harrold, Jr.,* for appellant.

*Michael J. Bowers, Attorney General, David A. Runnion, Assistant Attorney General,* for appellee.

---

[4] The aptness of this quotation is demonstrated by the taxpayer's argument that the molds do qualify for the tax exemption under the definition of "machine" employed by the commissioner, because the clamps on the mold provide a counterforce to the pressure exerted on the silicon by the oven's heat.