## 64988. KMM INDUSTRIES, INC. v. PROFESSIONAL PLACEMENT ASSOCIATION, INC.

BANKE, Judge.

The appellant sued to domesticate a default judgment rendered against the appellee by the Circuit Court of Macomb County, Michigan, and the appellee answered contending that the Michigan judgment was void for lack of personal jurisdiction and venue. The appellant then amended its complaint to add a second count asserting the same contract claim upon which the Michigan suit had been based. This appeal is from a grant of partial summary judgment to the appellee as to the domestication claim. The second count of the complaint remains pending below.

Pursuant to order of the Michigan court, the appellant attempted to effect service in the Michigan case by sending a copy of the summons and complaint directly to the appellee's office in

Georgia via certified mail. The Georgia court concluded that this method of service was inadequate under Georgia law and also that the appellee had insufficient minimum contacts with Michigan to authorize the courts of that state to assume jurisdiction over it in this action. *Held:*

" 'Where a party relies on the law of another State as furnishing the basis for a right of recovery or defense different from what it would be under the laws of this State, or the common law, the law of the foreign state should be pleaded and proved. [Cits.]' *Bolton v. Bluestein,* 55 Ga. App. 782 (191 SE 388)." *Brown v. Hilton Hotels Corp.,* 133 Ga. App. 286, 290 (211 SE2d 125) (1974). See also Code Ann. § 81A-143 (c). Thus, "[i]n the absence of competent evidence of the [Michigan] Long Arm Statute, it was appropriate (and indeed, required) that the trial court apply the Georgia Long Arm Statute. *Borg-Warner Health Products v. May,* 154 Ga. App. 482, 483 (2) (268 SE2d 770); *Berry v. Jeff Hunt Machinery Co.,* 148 Ga. App. 35 (2) (250 SE2d 813)." *Superior Fertilizer &c. v. Warren,* 162 Ga. App. 595, 597 (292 SE2d 430) (1982).

There is no provision in Georgia law which authorizes a party to serve a defendant corporation *directly* by certified or registered mail, although Code Ann. §§ 22-403 (b), 22-1410 (b), and 81A-104 (d) provide for such service to be made through the office of the Secretary of State under certain circumstances. See *American Photocopy Equip. Co. v. Lew Deadmore &c., Inc.,* 127 Ga. App. 207 (1) (193 SE2d 275) (1972). It follows that service on the appellee was insufficient as a matter of law. The fact that the appellee may have received actual notice of the Michigan suit does not obviate the need for proper service. See *Heard v. Hopper,* 233 Ga. 617, 618 (212 SE2d 797) (1975). This holding renders unnecessary a review of the trial court's ruling that the appellee had insufficient contacts with Michigan to authorize the assertion of long arm jurisdiction by that state.

The trial court properly granted summary judgment to the appellee as to the domestication claim.

*Judgment affirmed. McMurray, P. J., and Birdsong, J., concur.*

DECIDED NOVEMBER 22, 1982.

*Ellwood F. Oakley III,* for appellant.
*Hirsch Friedman, Daniel P. Woodard III,* for appellee.