## 67894. WILKERSON v. VOYAGER CASUALTY INSURANCE COMPANY.

CARLEY, Judge.

Appellant filed the instant lawsuit against appellee in an effort to recover certain insurance benefits. Appellee failed to file an answer or to appear for trial, and appellant obtained a default judgment. Thereafter, appellee moved to have the default judgment set aside. The motion was granted on the ground that appellee had never been legally served with process. Appellant appeals.

1. Appellee's motion to dismiss the appeal as premature is denied. See *Hilton v. Maddox, Bishop, Hayton Frame &c. Contractors,* 125 Ga. App. 423 (188 SE2d 167) (1972); *Bigley v. Lawrence,* 149 Ga. App. 249 (253 SE2d 870) (1979).

2. Appellant enumerates as error the granting of the motion to set aside the default judgment. Appellant contends that service of process in the instant case was legally sufficient. We note at the outset that, if there was no valid service of process, it is immaterial whether appellee had actual notice of the pendency of the action. *KMM Indus. v. Professional Placement Assn.,* 164 Ga. App. 475 (297 SE2d 512) (1982); *Holloway v. Frey,* 130 Ga. App. 224 (202 SE2d 845) (1973).

Appellee is a foreign insurer doing business in Georgia. In the course of instituting this action against appellee, appellant's counsel telephoned the Insurance Department and was informed that one Beatty was appellee's designated agent for service of process in this state. However, Beatty refused to accept such service on the ground that he was not appellee's designated agent. Appellant was duly notified of that fact. Thereafter, appellant mailed a copy of the lawsuit to the Insurance Commissioner. See OCGA § 33-4-4. A copy of the complaint was received by the Insurance Department, but no acknowledgment of service was executed.

OCGA § 33-4-3 (2) provides that service of process shall be made upon the Insurance Commissioner only when service *cannot* be made upon a foreign insurer's designated agent. Appellant contends that

Beatty's refusal to accept service was a sufficient showing that appellee's designated agent could not be served, so as to justify service upon the Insurance Commissioner. However, there was no evidence that, after Beatty refused service, appellant made any further inquiry or effort to ascertain the identity of appellee's designated agent. Thus, there was no showing that service could not be made upon the proper agent. See generally *Jarmon v. Murphy*, 164 Ga. App. 763 (298 SE2d 510) (1982).

Moreover, even if service of process upon the Insurance Commissioner was appropriate under the circumstances, such service was not properly perfected. Attempted service of an initial pleading by mail is legally insufficient. See generally *KMM Indus. v. Professional Placement Assn.*, supra; *Henry v. Hiwassee Land Co.*, 246 Ga. 87 (269 SE2d 2) (1980). Appellant maintains that service by mail was proper in the instant case, because the Insurance Commissioner "agreed to accept" service in this manner. However, no acknowledgment of service was executed. A receipt for $2 which was received by the Insurance Department from the law firm of appellant's counsel is insufficient to constitute an acknowledgment of service of process. There is no notation on the receipt to signify that the money was accepted with regard to service of process or that it was received in relation to the case at bar.

Appellant contends that OCGA § 33-4-4 (a) does not require formal service, as opposed to service by mail, upon the Insurance Commissioner. That statute provides in pertinent part: "[A] foreign or alien insurer may be served with legal process by *service* of duplicate copies of the legal process *on the agent* for service designated under Code Section 33-4-3 *or upon the Commissioner*." (Emphasis supplied.) It is clear that the purpose of the statute is to specify an alternative *recipient* of legal process, and not an alternative *manner* of service. There is nothing whatsoever to suggest that service upon the Commissioner may be "informal." To the contrary, the language of the statute indicates that service upon the Commissioner must be perfected in a manner which would be proper if service were made upon a designated agent for service of process. The rules governing service of process are strictly construed, "and rightfully so, since notice is the very bedrock of due process." *Thompson v. Lagerquist*, 232 Ga. 75, 76 (205 SE2d 267) (1974). See also *Headrick v. Fordham*, 154 Ga. App. 415 (268 SE2d 753) (1980). Since the record reveals neither an acknowledgment of service nor a return of service, there is no basis for a finding that process was legally served upon the Insurance Commissioner. See generally *Greene v. First Lease, Inc.*, 152 Ga. App. 605 (263 SE2d 483) (1979).

In summary, the record in the instant case does not establish that service was perfected upon appellee or upon anyone else on be-

half of appellee. Accordingly, the decision of the trial court to set aside the judgment was correct.

3. Appellant's remaining enumerations of error concern the admissibility of certain matter contained in affidavits submitted in connection with the motion to set aside the judgment. These affidavits have no effect on the record insofar as it reflects the lack of valid service of process upon appellee, and they have formed no part of our consideration on appeal. Thus, enumerations of error founded upon the affidavits need not be considered.

*Judgment affirmed. Banke, P. J., Birdsong, Sognier, and Benham, JJ., concur. McMurray, C. J., Quillian, P. J., Deen, P. J., and Pope, J., dissent.*

DECIDED JUNE 28, 1984 —
REHEARING DENIED JULY 31, 1984 — 

*Kenneth M. Henson, Jr., Millard D. Fuller, for appellant.*
*Kenneth B. Hodges, Jr., William A. Erwin, for appellee.*

QUILLIAN, Presiding Judge, dissenting.

I am not convinced of the soundness of the majority opinion and therefore respectfully dissent. Stripped of verbiage, the opinion rests on two predicates: 1) on a motion to set aside the judgment, plaintiff, the prevailing party, was required to show that service could not have been made upon the proper designated agent; 2) there must have been a formal return of service or acknowledgment of service in order to legally "serve" the Insurance Commissioner. In my view neither of these positions is sustainable.

As to the first proposition too much reliance has been placed on OCGA § 33-4-3. It merely provides: "Service of process upon the [Insurance] Commissioner, however, shall only be made when service cannot be effected in this state by serving the attorney in fact appointed by the insurer as provided under paragraph (1) of this Code section."

As I interpret this language, it does not encompass the concept that where service is accomplished by serving the Insurance Commissioner and an attack is made on such service that the party who obtained a judgment based thereon must establish beyond peradventure that no agent in fact existed or that all means were exhausted to ascertain whether this was true. Instead, it seems inescapable that the party attacking the validity of the judgment by seeking to undermine the efficacy of service must establish that there was an agent to receive·service and that the prevailing party made insufficient effort to ascertain such fact. As held in *Liberty Mut. Ins. Co. v. Coburn*, 129 Ga. App. 520, 521 (200 SE2d 146): "where it is shown that there is

general judgment by a court of competent jurisdiction, there is a presumption in its favor that every fact necessary to make it valid and binding was before the court."

Since I agree with the implicit assumption of the majority that attempts to show that defendant had a designated agent constituted matter unworthy of evidentiary consideration, I would hold that the trial judge was not authorized to conclude that the plaintiff failed to meet the requirements of the quoted provision of OCGA § 33-4-3 before seeking an alternative means of service.

This leads naturally to the majority's second proposition that, as a prerequisite, the insurance commissioner must have been formally served or have formally acknowledged service. I recognize that the word "service" is indeed the only descriptive term used in OCGA § 33-4-4 to characterize the method adopted. However, contrary to the majority's assertion, "service" by mailing is not forbidden in Georgia. *KMM Indus. v. Professional Placement Assn.*, 164 Ga. App. 475, 476 (297 SE2d 512), cited by the majority, indeed states: "There is no provision in Georgia law which authorizes a party to serve a defendant corporation directly by certified or registered mail." But then follows with the caveat: "although Code Ann. §§ 22-403 (b), 22-1410 (b), and 81A-104 (d) provide for such service to be made through the office of the Secretary of State under certain circumstances."

It should be noted that, as recognized in the first sentence of OCGA § 33-4-4, there is no exclusive method of obtaining service on a foreign corporation. A brief examination of OCGA § 14-2-319 (b) (former Code Ann. § 22-1410 (b)) reveals what our legislature intended regarding "service" on the Secretary of State where a foreign corporation failed to maintain a registered agent. It reads: "Whenever a foreign corporation doing business or having done business in this state shall fail to appoint or maintain a registered agent in this state, or whenever any such registered agent cannot with reasonable diligence be found at the registered office, or whenever the certificate of authority of a foreign corporation shall be suspended or revoked, then the Secretary of State shall be an agent of such corporation upon whom any such process, notice, or demand may be served. Service on the Secretary of State of any such process, notice, or demand shall be made by delivering to and leaving with him, or with any person having charge of the corporation department of his office, or with any other person or persons designated by the Secretary of State to receive such service, duplicate copies of such process, notice, or demand." Similar language is found in OCGA §§ 14-2-62 and 9-11-4 (d).

It therefore appears overly technical to attribute an intent that only formal service will suffice where a foreign insurance company is involved. I would hold that there was substantial compliance with the requirement that "service" be made on the Insurance Commissioner,

by means of the mailing of the copies of the complaint and the payment of the $2.00 taxable as cost for which a receipt was obtained.

For the foregoing reasons I cannot agree with the opinion and hence enter my dissent thereto.