71423. LOVETT SPORTS, INC. v. ATLANTIC EXHIBIT SERVICES, INC.
71478. LOVETT SPORTS, INC. v. U. S. SUZUKI MOTOR CORPORATION.
(342 SE2d 726)

BENHAM, Judge.

These two appeals have been consolidated because the facts and issues are virtually identical. In both cases, suit was brought against appellant and process was directed to appellant's registered agent. The registered agent, however, was not found at the address on file with the Secretary of State, so the plaintiffs' attorney mailed duplicate copies of process in the suits to the Secretary of State's office in order to perfect service pursuant to OCGA § 14-2-62. By letter to plaintiffs' counsel, the Secretary of State's office acknowledged the receipt of service and stated that a copy of process in each suit had been mailed to appellant's registered agent at the address on file with the Secretary of State's office. Default judgments were entered in both cases. These appeals are from the denial of appellant's motions to set aside the default judgments on the ground of insufficient service of process.

OCGA § 14-2-62 (b) provides in pertinent part as follows: "Whenever a corporation shall fail to appoint or maintain a registered agent in this state, or whenever its registered agent cannot with reasonable diligence be found at the registered office, then the Secretary of State shall be an agent of such corporation upon whom any process, notice, or demand may be served. Service on the Secretary of State of any such process, notice, or demand shall be made by delivering to and leaving with him or with any person having charge of the corporation department of his office or with any other person or per-

sons designated by the Secretary of State to receive such service duplicate copies of such process, notice, or demand. In the event any such process, notice, or demand is served on the Secretary of State, he shall immediately cause one of the copies thereof to be forwarded by registered or certified mail, addressed to the corporation at its registered office."

Appellant's primary argument is that service was insufficient in these cases because it was not made by a marshal or deputy sheriff. That argument is based on the provisions of OCGA § 9-11-4 (c): "Process shall be served by the sheriff of the county where the action is brought or where the defendant is found, or by his deputy, or by the marshal or sheriff of the court, or by his deputy, or by any citizen of the United States specially appointed by the court for that purpose." Based on that provision, appellant insists that service on the Secretary of State may be made only as provided in § 9-11-4 (c), and that mailing process to the Secretary of State is wholly ineffective.

This court has recently considered a similar situation in which a plaintiff attempted to serve a foreign insurer by service on the Insurance Commissioner pursuant to OCGA § 33-4-3 (2). There, too, the plaintiff mailed process to the statutory agent, and this court found the service defective. "Attempted service of an initial pleading by mail is legally insufficient. [Cits.] Appellant maintains that service by mail was proper in the instant case, because the Insurance Commissioner 'agreed to accept' service in this manner. However, no acknowledgment of service was executed. A receipt for $2 which was received by the Insurance Department from the law firm of appellant's counsel is insufficient to constitute an acknowledgment of service of process. There is no notation on the receipt to signify that the money was accepted with regard to service of process or that it was received in relation to the case at bar.

"Appellant contends that OCGA § 33-4-4 (a) does not require formal service, as opposed to service by mail, upon the Insurance Commissioner. That statute provides in pertinent part: '(A) foreign or alien insurer may be served with legal process by *service* of duplicate copies of the legal process *on the agent* for service designated under Code Section § 33-4-3 *or upon the Commissioner*.' It is clear that the purpose of the statute is to specify an alternative *recipient* of legal process, and not an alternative *manner* of service. There is nothing whatsoever to suggest that service upon the Commissioner may be 'informal.' To the contrary, the language of the statute indicates that service upon the Commissioner must be perfected in a manner which would be proper if service were made upon a designated agent for service of process." *Wilkerson v. Voyager Cas. Ins. Co.*, 171 Ga. App. 834 (2) (321 SE2d 346) (1984). (Emphasis supplied.)

Although, as noted above, the situation involved in *Wilkerson* is

similar to that involved in these cases, there are two essential differences which compel a different result in these cases. The first difference is in the statutes authorizing service on statutory agents. In OCGA § 33-4-4 (a), as we held in *Wilkerson*, there is provision for an alternative recipient of service, but not for an alternative manner of service. In OCGA § 14-2-62 (b), however, the provision for an alternative recipient of service is followed immediately by a provision for the manner in which such service shall be made: "by delivering to and leaving with him . . . duplicate copies of such process. . . ."

Appellant insists that "delivering," as used in § 14-2-61 (b), cannot encompass mailing. However, one of the definitions of "deliver" in Webster's Third New International Dictionary, 1981, is "to send . . . to an intended destination." Clearly, mailing duplicate copies of legal process to the Secretary of State comes within that meaning of the word "delivering." We find the provision of a specific manner of service to be especially significant in light of the concluding sentence of § 14-2-62 (b): "The provisions of this subsection may be used notwithstanding any inconsistent provisions of Chapter 11 of Title 9."

Appellant points out correctly that the provision in question is in derogation of common law and must be construed strictly. *Lexington Developers v. O'Neal Constr. Co.*, 142 Ga. App. 434 (236 SE2d 98) (1977), rev'd on other grounds, 240 Ga. 376 (240 SE2d 856) (1977). "However, this should not impinge on the other rule that a statute is to be construed in accordance with its real intent and meaning and not so strictly as to defeat the legislative purpose. [Cit.]" *Amoena Corp. v. Strickland*, 248 Ga. 496 (3) (283 SE2d 894) (1981). "Where possible, we construe language used by the General Assembly in a manner that will not render it meaningless or mere surplusage. [Cit.]" *State of Ga. v. C. S. B.*, 250 Ga. 261 (297 SE2d 260) (1982).

To adopt appellant's position that service on the Secretary of State can only be made in the manner prescribed in OCGA § 9-11-4 (c) would render meaningless both the description in § 14-2-62 (b) of the manner in which service may be made on the Secretary of State and the final sentence of that subsection. That we decline to do. Considering the rules of construction set out above and the holding of this court in *American Consolidated Svc. Corp. v. Nationwide Mut. Ins. Co.*, 156 Ga. App. 193 (273 SE2d 898) (1980), that service on the Secretary of State is a convenience for plaintiffs, we hold that service of duplicate copies of process on the Secretary of State by delivering them through the mail constitutes compliance with OCGA § 14-2-62 (b) and effects service on the corporation to whom the process is directed.

Of course, there is a hazard inherent in attempting service by mail: non-delivery. Sending process by mail does not, of itself, provide for proof of service, which is governed by OCGA § 9-11-4 (g). That

subsection provides four methods of proving service: "(1) If served by a sheriff or marshal, or his deputy, the affidavit or certificate of the sheriff, marshal, or deputy; (2) If by any other proper person, his affidavit thereof; (3) In case of publication, the certificate of the clerk of court certifying to the publication and mailing; or (4) The written admission or acknowledgment of service by the defendant." It may readily be seen that none of the first three methods can be applied to service on the Secretary of State by mail, even by registered or certified mail, since no marshal or sheriff is involved, the one who mails the process is in no position to state on personal knowledge that it was delivered, and there is no publication. The remaining method is by written acknowledgment of service, and that brings us to the other difference between these cases and *Wilkerson*, supra.

We noted several times in *Wilkerson* that there had been no acknowledgment of service in that case; in the present cases, the records contain written acknowledgments of service from the office of the Secretary of State. Appellant contends that those acknowledgments of service are of no validity because § 14-2-62 (b) does not expressly provide therefor. We disagree with appellant's conclusion.

The defendant in these cases is a corporation and, as such, can only act through its officers and agents. *Sims T. V. v. Fireman's Fund Ins. Co.*, 108 Ga. App. 41 (2) (131 SE2d 790) (1963). Because appellant's registered agent for service could not be found at the registered office, the Secretary of State became the agent for service. OCGA § 14-2-62 (b). Service on that agent was service on the corporate defendant. *American &c. Svc. Corp. v. Nationwide Mut. Ins. Co.*, supra. It follows, then, that the Secretary of State's acknowledgment of service constituted acknowledgment by the corporate defendant. That being so, service on appellant was sufficient in both cases. *Jones v. Jones*, 209 Ga. 861 (1) (76 SE2d 801) (1953); *Redd v. Stephens*, 48 Ga. App. 515 (1) (173 SE 178) (1933).

In summary, we hold that when service on the Secretary of State is authorized pursuant to OCGA § 14-2-62 (b), it may be made on the Secretary of State by mailing the required duplicate copies of process to the Secretary of State, provided, however, that the plaintiff will still bear the burden of proving service by filing with the trial court a written acknowledgment of service from the Secretary of State.

Since service was sufficient in the present cases, the trial court did not err in denying appellant's motions to set aside the default judgments.

*Judgments affirmed. Banke, C. J., and McMurray, P. J., concur.*

DECIDED FEBRUARY 28, 1986 —
REHEARINGS DENIED MARCH 14, 1986 —

*Richard L. Stumm*, for appellant.
*Therese L. Glisson, Teresa M. Wright*, for appellee.