77411. SHAHAN et al. v. SCOTT et al.
(376 SE2d 221)

McMURRAY, Presiding Judge.

Patricia Lynn Shahan and Howard Shahan ("plaintiffs") filed an action in the Superior Court of Whitfield County against Shawn Scott and Ara Scott ("defendants") for damages which were allegedly the result of an automobile collision between plaintiff Patricia Lynn Shahan and defendant Shawn Scott. Plaintiffs alleged that defendants "are residents of Dalton, Whitfield County Georgia . . ." and that the collision occurred "on Georgia Highway 3. . . ." Plaintiffs were unable to serve defendants within Whitfield County and discovered that defendants had left the State. Plaintiffs then filed a motion to appoint a process server and that service be made upon defendants outside the State of Georgia pursuant to OCGA § 9-11-4 (e) (2). The superior court granted this motion and appointed Ken Visage to serve defendants. Mr. Visage filed the following returns of service: "On January 30, 1988, at 1:15 p.m., I served the Defendant ARA SCOTT personally with a copy of the Complaint, summons, process and Interrogatories in the above matter, by leaving the same with GLENDA ISAACS, his ex-wife, at Route 1, Box 697, Route 37, East Lynn, West Virginia." "On January 30, 1988, at 1:15 p.m., I served the Defendant SHAWN SCOTT personally with a copy of the Complaint, summons, process and Interrogatories in the above named matter, by leaving the same with GLENDA ISAACS, his mother, at Route 1, Box 697, Route 37, East Lynn, West Virginia, which is his residence." Defendants subsequently filed a motion to dismiss for lack of jurisdiction over the person, insufficiency of process and insufficiency of service of process. In opposition, plaintiffs filed the affidavit of Ken Visage who deposed, in pertinent part, that he was accompanied by "a process server in Wayne County[, West Virginia] Sheriff's Department [when he served Ms. Isaacs]." The superior court granted defendants' motion to dis-

miss and this appeal followed. *Held:*

In their sole enumeration of error, plaintiffs contend "[t]he trial court erred and has misconstrued, misapplied and misinterpreted applicable provisions of the Civil Practice Act and the Georgia Long Arm Statute in granting [defendants'] Motion to Dismiss."

The Civil Practice Act provides that personal service outside the State of a Georgia resident "shall be made by delivering a copy of the process together with a copy of the complaint in person to the persons served." OCGA § 9-11-4 (e) (2). Since it is undisputed that personal service was not achieved "by delivering a copy of the process together with a copy of the complaint in person to the [defendants]," service was insufficient under the Civil Practice Act. Further, Georgia's Long Arm Statute provides that a nonresident "may be served with a summons outside the state in the same manner as service is made within the state *by any person authorized to make service by the laws of the state, territory, possession, or country in which service is made or by any duly qualified attorney, solicitor, barrister, or the equivalent in such jurisdiction.*" (Emphasis supplied.) OCGA § 9-10-94. Even though a deputy, authorized to serve process in Wayne County, West Virginia, was with Mr. Visage when he served Ms. Isaacs, the record does not indicate that service was made by the West Virginia process server according to the laws of that state. Accordingly, the superior court did not err in dismissing plaintiffs' complaint for lack of personal jurisdiction over defendants and for failure of service of process. See *American Photocopy Equip. Co. v. Lew Deadmore & Assoc.*, 127 Ga. App. 207, 208 (1) (193 SE2d 275), and *KMM Indus. v. Professional Placement Assn.*, 164 Ga. App. 475, 476 (297 SE2d 512).

*Judgment affirmed. Pope and Benham, JJ., concur.*

DECIDED NOVEMBER 21, 1988 —
REHEARING DENIED DECEMBER 5, 1988 — 

*W. Ralph Hill, Jr.,* for appellants.
*Campbell & Campbell, Douglas M. Campbell,* for appellees.