[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-15647
Non-Argument Calendar
_____

D.C. Docket No. 1:15-cv-03208-LMM

CHRISTOPHER LAWRENCE,
PAMELA LAWRENCE,

Plaintiffs-Appellants,

versus

BANK OF AMERICA, N.A.,
WALKER INVESTMENT MANAGEMENT CORP.,
Owner of Green Tree,
MORTGAGE ELECTRONIC REGISTRATION SYSTEM,
OCWEN LOAN SERVICING, LLC,
BAKER, DONELSON, BEARMAN, CALDWELL, & BERKOWITZ, P.C.,
BARCLAYS BANK, PLC,
FREDDIE MAC,
BETSY BURNS,
JACK AND SARAH DOE,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(July 13, 2017)

Before TJOFLAT, WILSON, and WILLIAM PRYOR, Circuit Judges.

PER CURIAM:

Christopher and Pamela Lawrence filed a complaint alleging that several entities and individuals, in administering a mortgage loan to Mrs. Lawrence, violated the Truth in Lending Act, the Real Estate Settlement Procedures Act, the Racketeer Influenced and Corrupt Organizations Act, and 42 U.S.C. § 2000d.  At the pleadings stage, the district court adopted a magistrate judge's report and recommendation and dismissed all the Lawrences' claims.  It dismissed based on insufficient service of process all claims against defendants Mortgage Electronic Registration System; Ocwen Loan Servicing; Freddie Mac; Baker, Donelson, Bearman, Caldwell, & Berkowitz; Barclays Bank; Betsy Burns; and Jack and Sarah Doe.  It dismissed due to lack of standing all claims brought by Mr. Lawrence.  And it dismissed for failure to state a claim all Mrs. Lawrence's claims against defendants Bank of America and Green Tree.

2

The Lawrences, proceeding pro se, now appeal the dismissal.[1]  They argue that (1) the district court erred in referring the defendants' motion to dismiss to the magistrate judge and relying on the judge's report and recommendation and (2) the district court erred in dismissing their claims based on insufficient process, lack of standing, and failure to state a claim.  After careful consideration of the record and the parties' briefs, we affirm.

## I

The district court did not err in referring the defendants' motion to dismiss to the magistrate judge and relying on the judge's report and recommendation.  A district court may "designate a magistrate judge to . . . submit to [the court] proposed findings of fact and recommendations for the disposition" of a motion to dismiss.  *See* 28 U.S.C. § 636(b)(1)(B).  And we will not disturb a district court's decision to do so as "long as the entire process takes place under the . . . court's total control and jurisdiction, and the [court] exercises the ultimate authority to issue an appropriate order."  *Thomas v. Arn*, 474 U.S. 140, 153, 106 S. Ct. 466, 474 (1985) (internal citations and quotation marks omitted).  Here, the district court, after referring the defendants' motion to dismiss to the magistrate judge, continued to exercise ultimate authority over the motion.  *See id.*, 106 S. Ct. at 474.  The district court allowed the Lawrences to file objections to the report and

---

[1] Because the Lawrences are pro se, we construe their brief liberally.  *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam).

recommendation, and the court reviewed the objections and the magistrate judge's findings de novo before adopting the findings.

II

The district court did not err in dismissing the Lawrences' claims based on insufficient service of process, lack of standing, and failure to state a claim.

First, the Lawrences' service to Mortgage Electronic Registration System; Ocwen Loan Servicing; Freddie Mac; Baker, Donelson, Bearman, Caldwell, & Berkowitz; Barclays Bank; Betsy Burns; and Jack and Sarah Doe was insufficient. The Lawrences served those defendants by certified mail, but neither Rule 4 of the Federal Rules of Civil Procedure nor Georgia law, the applicable state law, permitted the Lawrences to serve the defendants directly by mail. *See* Fed. R. Civ. P. 4(e), (h); O.C.G.A. § 9-11-4(c), (e), (f); *KMM Indus., Inc. v. Prof'l Ass'n, Inc.*, 297 S.E.2d 512, 513 (Ga. Ct. App. 1982) ("There is no provision in Georgia law which authorizes a party to serve a defendant corporation *directly* by certified or registered mail.").

Second, Mr. Lawrence failed to establish standing because the allegations in his and Mrs. Lawrence's complaint do not show that he suffered a "concrete and particularized" injury. *See Tanner Adver. Grp., L.L.C. v. Fayette Cty.*, 451 F.3d 777, 791 (11th Cir. 2006) (en banc) (internal quotation marks omitted).

4

Third, Mrs. Lawrence's allegations against Bank of America and Green Tree do not "contain sufficient factual matter" to state a "plausible" claim under the Truth in Lending Act, the Real Estate Settlement Procedures Act, the Racketeer Influenced and Corrupt Organizations Act, or 42 U.S.C. § 2000d.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks omitted).

### III

Because the district court committed no reversible error in dismissing the Lawrences' claims, we affirm.[2]

**AFFIRMED.**

---

[2] To the extent the Lawrences argue that the district court abused its discretion in denying Mrs. Lawrence's motion for judgment because the court did not comply with the Northern District of Georgia Local Rules, their argument fails.

5