[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-14835
Non-Argument Calendar

_____

D.C. Docket No. 2:15-cv-00123-RWS

JAMES RUDOLPH COOLEY,

Plaintiff-Appellant,

MARIA FRANCESCA COOLEY,

Plaintiff,

versus

OCWEN LOAN SERVICING, LLC,
BANK OF AMERICA, N.A.,
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., (MERS),

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(March 5, 2018)

Before TJOFLAT, ROSENBAUM, and NEWSOM, Circuit Judges.

PER CURIAM:

James Rudolph Cooley, proceeding pro se and *in forma pauperis*, appeals following the district court's dismissal of his claims against Ocwen Loan Servicing, LLC ("Ocwen"), and Mortgage Electronic Registration Systems, Inc. ("MERS"), under 28 U.S.C. § 1915(e)(2)(B)(i), and its dismissal of his claims against Bank of America, N.A. ("Bank of America"), for failure to perfect service of process under Rule 12(b)(5), Fed. R. Civ. P.[1]

Cooley alleges the following facts.  In 2005, Cooley purchased a parcel of real estate in Winder, Georgia, financed in part by a loan from GreenPoint Mortgage Funding, Inc. ("GreenPoint").  GreenPoint then designated MERS as the loan's nominee.  Cooley and MERS secured the loan through a recorded security deed, which provided that if Cooley defaulted, either the lender or MERS could initiate foreclosure proceedings.  Over the next several years, through a series of purchases, Bank of America became GreenPoint's successor to the loan.

In April of 2010, Bank of America and Cooley negotiated and signed a Loan Modification Agreement adjusting the repayment terms of Cooley's loan.  Cooley continued making monthly payments until the middle of 2013, when a discrepancy arose over how much he owed under the Loan Modification Agreement's terms.

---

[1] Maria Cooley was also a party to this suit when originally filed but is not a party to the present appeal.

2

In November of that year, Bank of America turned the servicing of Cooley's loan over to Ocwen.

Cooley first sued Bank of America and Ocwen in the Northern District of Georgia in 2014, alleging various breach-of-contract claims. That suit was dismissed without prejudice.

Cooley, proceeding pro se, then filed the present lawsuit in June of 2015, naming Bank of America, Ocwen, and MERS as defendants. Among other things, he alleged that Bank of America breached the 2010 Loan Modification Agreement, that Ocwen violated the Fair Debt Collection Practices Act ("FDCPA"), and that MERS failed to follow proper state-law procedures in assigning his loan to either Ocwen or Bank of America. Cooley asked the court to stay any foreclosure proceedings (though none had yet been initiated) until the action could be litigated and to award him $250,000 in damages.

The district court disposed of the case in stages. Shortly after the suit was filed, a magistrate judge undertook a preliminary review for frivolity under 28 U.S.C. § 1915(e)(2) and issued a *sua sponte* report and recommendation (the "First R&R"). The magistrate judge recommended that Cooley's claims against Bank of America and Ocwen be dismissed without prejudice but that his claims against MERS be dismissed *with* prejudice since Cooley lacked standing to challenge MERS's assignment of his security deed to anyone else. Cooley objected to the

3

First R&R and moved to amend his complaint. The district court adopted the First R&R but "note[d]" Cooley's motion to amend.

The magistrate judge then granted Cooley's motion to amend and issued another report and recommendation (the "Second R&R"), recommending that the amended complaint be allowed to proceed as to the claims against Bank of America but dismissed with prejudice as to the claims against both Ocwen and MERS. Cooley did not object to the Second R&R. Instead, on July 28, 2015, he moved to file yet another proposed amended complaint, though it was substantively identical to his previous one.

On November 13, 2015, Bank of America filed a motion to dismiss the suit for failure of service under Rule 12(b)(5). Bank of America noted that it still had not received proper service of either the summons or the complaint even though the suit had been filed more than five months before.

The district judge adopted the Second R&R, dismissed Ocwen and MERS as defendants, and permitted only the breach-of-contract claims against Bank of America to move ahead. Briefing on Bank of America's outstanding motion to dismiss then went forward, and Cooley filed a response on November 30, 2015, in which he admitted that he had mailed a copy of only the complaint (but not the summons) to Bank of America at an address in Atlanta. He also conceded that he had failed to provide Bank of America with a notice of waiver of service but said

4

this was because he did not understand the rules surrounding it. He requested an additional thirty days to serve Bank of America properly but did not request any help from the court in doing so.

On May 31, 2016, while the motion to dismiss remained outstanding, Cooley moved for a permanent injunction on the grounds that Ocwen had scheduled a non-judicial foreclosure of his property for June 7, 2016. After that foreclosure apparently took place, Cooley filed a motion for leave to amend yet again, this time seeking to add claims against Ocwen and non-party Aldridge Pite LLP, based on the foreclosure.[2]

Finally, on June 27, 2016, the district court granted Bank of America's motion to dismiss on the grounds that Cooley still had yet to serve them adequately under Rule 12(b)(5) despite the fact that the action had been filed more than a year earlier.  The court dismissed Cooley's most recent motions as moot.

On appeal, Cooley argues that the district court abused its discretion when it *sua sponte* dismissed his federal and state-law claims against Ocwen and MERS. He further argues that the court erred when it granted Bank of America's motion to dismiss.

---

[2] Aldridge Pite LLP appears to have been Ocwen's legal counsel.  Though referred to as a "defendant" in one of Cooley's motions, Aldridge Pite was never formally named as a party to this suit and is not a party to this appeal.

## I.

We first consider the dismissal of Ocwen and MERS effectuated by the First and Second R&Rs as adopted by the district court. We review a district court's *sua sponte* dismissal on grounds of frivolity for abuse of discretion. *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003).

Before a plaintiff may proceed *in forma pauperis*, the district court may review the complaint to determine whether it is frivolous. 28 U.S.C. § 1915(e)(2). If the complaint is deficient, the court is required to dismiss the suit *sua sponte*. *See id*. § 1915(e)(2)(B)(i). "A lawsuit is frivolous if the plaintiff's realistic chances of ultimate success are slight." *Clark v. Ga. Pardons & Paroles Bd*., 915 F.2d 636, 639 (11th Cir. 1984) (internal quotation marks omitted). In general, we construe pleadings of a pro se plaintiff liberally. *Hughes*, 350 F.3d at 1160.

Cooley's complaint alleges that Ocwen violated the FDCPA. The FDCPA prohibits a debt collector from using a "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. The statute defines a "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed

6

or due another." 15 U.S.C. § 1692a(6). Claims under the FDCPA must be brought within one year of the alleged violation. 15 U.S.C. § 1692k(d).

We conclude that the district court did not abuse its discretion when it dismissed Ocwen from the suit after conducting a frivolity analysis. First, Cooley's FDCPA claim fell outside the one-year statute of limitations. Cooley filed his initial complaint in June 2015, in which he alleged that Ocwen violated the FDCPA when it failed to verify his debt within thirty days after he disputed it in writing on April 1, 2014. Because more than a year passed between the alleged violation and the filing of his complaint, the court properly concluded that Cooley's FDCPA claims fell outside the statute of limitations. *See* 15 U.S.C. § 1692k(d). Further, the court correctly found that Cooley failed to demonstrate that Ocwen was a debt collector for the purposes of the FDCPA, because he did not allege facts demonstrating that Ocwen used any instrumentality of interstate commerce in the collection of debt. *See* 15 U.S.C. § 1692a(6); *Hughes*, 350 F.3d at 1160. For both of these reasons, it was not an abuse of discretion for the district court to dismiss Ocwen.

We also conclude the district court did not abuse its discretion when it dismissed MERS. Cooley's complaint alleges that MERS made an unlawful assignment under Georgia law. Under Georgia law, however, an assignment is a contract. *Bank of Cave Spring v. Gold Kist, Inc.*, 327 S.E. 2d 800, 802 (Ga. Ct.

App. 1985).   A plaintiff has standing to sue under a contract only if he is the promisor, the promisee, or a beneficiary of that contract.   *See* Ga. Code Ann. § 9–2–20 (stating that as a "general rule," a contract action "shall be brought in the name of the party in whom the legal interest in the contract is vested," or by "[t]he beneficiary of a contract . . . against the promisor on the contract").   A borrower who is neither a party to nor a beneficiary of an assignment of his loan thus lacks standing to challenge the assignment's validity.   *See Montgomery v. Bank of America*, 740 S.E. 2d 434, 438 (Ga. Ct. App. 2013) (finding no standing where plaintiff was not a party to the assignment).   The court correctly found that Cooley did not have standing to challenge the deed assignment by MERS because Cooley was neither a party to it nor a beneficiary.   We find no abuse of discretion in dismissing Ocwen and MERS as defendants.

## II.

We next consider the dismissal of Bank of America.   We review "the district court's grant of a motion to dismiss for insufficient service of process . . . by applying a *de novo* standard to the law and a clear error standard to any findings of fact."   *Prewitt Enters., Inc. v. Org. of Petroleum Exporting Countries*, 353 F.3d 916, 920 (11th Cir. 2003).   Although we liberally construe the filings of pro se litigants, they are still bound by all applicable procedural rules.   *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007).

8

Rule 4 of the Federal Rules of Civil Procedure requires a plaintiff to serve each defendant with a copy of both the summons and the complaint unless the defendant waives service. Fed. R. Civ. P. 4(c)(1), (d). The rule specifies that the complaint and summons must be served in person by a non-party of appropriate age; this is so whether the defendant is an individual or a corporation. *See id.* at 4(e)(2), (h). The rules alternatively permit a plaintiff to carry out service in any way that complies with the law of either the state in which the federal district court sits, or the state in which the plaintiff attempted to serve the defendant. *Id.* at 4(e)(1). Cooley both filed this lawsuit and attempted to serve Bank of America in Georgia. But Georgia law, like the federal rules, requires in-person service and makes no provision for service by mail. *See* Ga. Code Ann. § 9–11–4(e)(7). To serve a corporation under Georgia law, a plaintiff must deliver copies of the summons and the complaint "to the president or other officer of the corporation, secretary, cashier, managing agent, or other agent thereof . . . ." *Id.* § 9–11–4(e)(1)(A).[3]

Rule 4 also provides that if a defendant is not served within ninety days after the complaint is filed, the court must either dismiss the action without prejudice

---

[3] If service cannot be effectuated that way, the plaintiff may serve the Secretary of State and affirm that copies have been mailed to the corporation's last registered address. Ga. Code Ann. § 9–11–4(e)(1)(A). But that arises, if at all, only after the plaintiff has tried and failed to have the defendant corporation served in person. Georgia law does not permit a plaintiff to attempt only service by mail. *See KMM Indus., Inc. v. Prof'l Ass'n, Inc.*, 297 S.E. 2d 512, 513 (Ga. Ct. App. 1982) ("There is no provision in Georgia law which authorizes a party to serve a defendant corporation directly by certified or registered mail.").

9

against that defendant or order that service be made within a specified time.  Fed. R. Civ. P. 4(m).  If the plaintiff can show good cause for the failure to effect service, the court must extend the time for service for an appropriate period.  *Id.*  "Good cause exists only when some outside factor[,] such as reliance on faulty advice, rather than inadvertence or negligence, prevented service."  *Lepone-Dempsey v. Carroll Cty. Comm'rs*, 476 F.3d 1277, 1281 (11th Cir. 2007).  Even if a district court finds that a plaintiff has failed to show good cause, it must still consider whether any other circumstances warrant an extension of time based on the facts of the case.  *Id.* at 1282.

We conclude the district court did not err when it dismissed Cooley's amended complaint under Rule 12(b)(5), because Bank of America was never properly served with process after Cooley filed this action in June 2015, let alone within the timeframe required under the rules.  Although Cooley was proceeding pro se, he was nevertheless required to comply with all procedural rules.  *See Albra*, 490 F.3d at 829.  At the latest, he had notice that he had not properly effectuated service when Bank of America filed its motion to dismiss in the middle of November 2015.  Yet even after requesting additional time to perfect service in his response brief later that month, Cooley still did not serve Bank of America and does not allege that he tried at all over the next six months.

10

We of course recognize the challenges of proceeding pro se and *in forma pauperis*. But Cooley had ample opportunity to serve Bank of America properly, or at the very least to seek the court's assistance in doing so. He did neither. The Federal Rules of Civil Procedure exist "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. As the district court's ruling reflects, it would further none of these purposes to let this action continue against Bank of America where Cooley had plenty of time and opportunity to serve it properly or seek a waiver of service. Accordingly, we affirm.

**AFFIRMED.**