[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-11350

Non-Argument Calendar

_____

BYRON WENDELL PHILLIPS,

Plaintiff-Appellant,

*versus*

THE LIFE PROPERTY MANAGEMENT SERVICES, LLC,
TONYA CARTER,
Agent, The Life Property Management Services, LLC,
3321PEPPERTREE CIRCLE DECATUR LLC,
other Crystal Point Apartments,
REGISTERED AGENTS INC.,
NORTHWEST REGISTERED AGENT, LLC,
BILL HAVRE,
CEO, Northwest Registered Agent, LLC,
QUICK DROP IMPOUNDING, TOWING & RECOVERY, INC.,

2                    Opinion of the Court                    21-11350

TENESHA THOMAS,

Registered Agent, Quick Drop Impounding,

Towing & Recovery, Inc.,

JOHN DOE,

Tow Truck Driver,

CURTIS MCMURRAY,

CEO, JEFFREY L. MANN, ESQ.,

Dekalb County Sheriff; (Individual Capacity),

JAMES W. CONROY,

Dekalb County Police Chief (Individual Capacity),

OFFICER MORGAN,

South Precinct (Individual Capacity),

OFFICER HARRIS,

Badge #3303, South Precinct, (Individual Capacity), et al.,

DEKALB, COUNTY OF,

                                                    Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:20-cv-00812-SDG

_____

Before JILL PRYOR, BRANCH, and BLACK, Circuit Judges.

PER CURIAM:

Byron Wendell Phillips, proceeding *pro se*, appeals the dismissal of his 42 U.S.C. § 1983 action for defective service and failure to state a claim upon which relief may be granted. Liberally construed, his allegations assert the appellees violated his Fourteenth Amendment due process rights when they towed his unregistered car pursuant to the terms of his apartment lease agreement, failed to secure its return, and failed to properly record the investigation into this allegedly wrongful towing. After review,[1] we affirm the district court.

## I. DEFECTIVE SERVICE

Under Rule 4, a plaintiff must serve the summons and the complaint to each defendant within 90 days after the complaint is filed. Fed. R. Civ. P. 4(c), 4(m). If service is not effectuated within 90 days, "the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Service on an individual defendant must be made pursuant to state law for serving summons or in one of the following three ways:

---

[1] We review a district court's dismissal for insufficient service of process for abuse of discretion. *Lepone-Dempsey v. Carroll Cty. Comm'rs*, 476 F.3d 1277, 1280 (11th Cir. 2007). We review a district court's dismissal for failure to state a claim under Rule 12(b)(6) *de novo*. *South Fla. Water Mgmt. Dist. v. Montalvo*, 84 F.3d 402, 406 (11th Cir. 1996).

(A) delivering a copy of the summons and of the complaint to the individual personally;

(B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

(C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e); *see* O.C.G.A. § 9-11-4(e)(7) (providing for the same three methods of personal service of an individual defendant).

Likewise, Georgia law does not permit a plaintiff to serve only by mail. O.C.G.A. § 9-11-4(e); *see also KMM Indus., Inc. v. Prof'l Ass'n, Inc.*, 297 S.E.2d 512, 513 (Ga. 1982). A plaintiff properly serves a corporation by personally delivering to the corporation's officer or agent a summons and a copy of the complaint, and mailing a copy of each to the defendant, within the time allowed by Rule 4(m). Fed. R. Civ. P. 4(c)(1), (h)(1); *see also* O.C.G.A. § 9-11-4(e)(1)(A). If service cannot be effectuated that way, the plaintiff may serve the Secretary of State and affirm that copies have been mailed to the corporation's last registered address. O.C.G.A. § 9-11-4(e)(1)(A).

However, for either individuals or corporations, a plaintiff can request a defendant to waive service by notifying the defendant that an action has been commenced and requesting that the defendant waive service of a summons. Fed. R. Civ. P. 4(d). De-

fendants are not required to waive formal service, and if they do not, the plaintiff must effect personal service. *Lepone-Dempsey v. Carroll Cty. Comm'rs*, 476 F.3d 1277, 1281 (11th Cir. 2007).

Rather than argue on appeal that his service complied with the Federal Rules of Civil Procedure, Phillips contends that he should be allowed effect service by mail. Thus, Phillips abandons any claim that the district court improperly granted the appellees' motions to dismiss based on defective service. *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) (arguments not raised on appeal, even by *pro se* litigants, are deemed abandoned).

Even if this claim is not abandoned, the district court did not err in dismissing Phillips's complaint for defective service as to those defendants who were not personally served or did not return a waiver of service. Only DeKalb County, Officer Harris, and Curtis McMurray waived service, so Phillips was required to effect personal service for all other defendants.[2] *See Lepone-Dempsey*, 476 F.3d at 1281. Phillips instead attempted service only by mail, which is not permitted by federal or Georgia law. Fed. R. Civ. P. 4(e); O.C.G.A. § 9-11-4(e).

---

[2] This includes Bill Havre who Phillips attempted to serve by mailing a package to New York, since the record does not indicate Havre returned an acknowledgement of service to Phillips. *See* N.Y. C.P.L.R. § 312-a (McKinney 2009) (providing that New York law permits service by mail but requires a return of acknowledgment of service to perfect service).

## II. FAILURE TO STATE A CLAIM

Section 1983 provides a cause of action by private citizens against government actors for violations of their constitutional rights and other federal laws.  42 U.S.C. § 1983.  The conduct complained of must have: (1) deprived the plaintiff of a right secured by the Constitution or laws of the United States, and (2) been committed by a person acting under color of state law. *See Focus on the Family v. Pinellas Suncoast Transit Auth.*, 344 F.3d 1263, 1276-77 (11th Cir. 2003).  To impose liability on a private party under Section 1983, the party's actions must be "fairly attributable" to the state.  *Lugar v. Edmonson Oil Co.*, 457 U.S. 922, 937 (1982).  "Action by a private party pursuant to [a] statute, without something more, [is] not sufficient to justify a characterization of that party as a 'state actor.'"  *Id.* at 939.

Additionally, even assuming the continued retention of personal property is wrongful, no due process violation has occurred when "*some* adequate postdeprivation remedy is available."  *Lindsey v. Storey*, 936 F.2d 554, 561 (11th Cir. 1991).  "[Georgia] has provided an adequate postdeprivation remedy when a plaintiff claims that the state has retained his property without due process of law[:]" a civil cause of action for the wrongful conversion of personal property.  *Id.* (citing O.C.G.A. § 51-10-1).  And no substantive right to an investigation exists. *Vinyard v. Wilson*, 311 F.3d 1340, 1356 (11th Cir. 2002).

The district court did not err in dismissing Phillips's complaint for failure to state a claim under Section 1983, since the

apartment owner and managers and Quick Drop were not acting under color of state law, and the county and Officer Harris did not deprive Phillips of any protected rights. Nothing in Phillips's amended complaint suggests any action that was "fairly attributable" to the state. *See Lugar*, 457 U.S. at 937. Rather, Phillips alleges that Quick Drop, a private company, towed Phillips's car from private property pursuant to the terms of Phillips's lease agreement with the private property owner. That the relevant lease provision was meant to ensure compliance with Georgia law regarding vehicle registration, as Phillips argues, was not sufficient to transform the private actors into state actors. *See id.* at 939. And even if the towing and retention of Phillips's car was wrongful, and the private actors were state actors, Georgia's creation of a civil cause of action for the wrongful conversion of personal property precludes Phillips's § 1983 claim. *See Lindsey*, 936 F.2d at 561. Moreover, Phillips had no right to an investigation of the allegedly wrongful towing of his car. *See Vinyard*, 311 F.3d at 1356. Thus, he also lacked the lesser included right to have the police properly record such investigation.

## III.  CONCLUSION

Phillips abandons his challenge to the district court's finding of defective service, and the district court did not err in finding he failed to state a claim under § 1983. Accordingly, we affirm.

**AFFIRMED.**